This suit is for $427, plus the sum of $3 per week from October 6, 1941, until paid, plus the further sum of 50¢ per day from October 13, 1941, until paid, which plaintiff claims as damages to his automobile, loss of its use, storage and wrecker service, arising out of a collision between his automobile and a pickup truck owned by defendant, W. Horace Williams Co., but driven by one George Humble. The collision occurred about 2 a.m. on the morning of October 6, 1941, about one-half mile south of Rosepine, Vernon Parish, Louisiana, on U.S. Highway No. 171, while plaintiff's car was travelling in a northerly direction and defendant's truck in a southerly direction.
Plaintiff alleges that, at the time of the accident, George Humble, the driver of defendant's truck, was an employee of the defendant, was on duty for his employer, was acting in the course of his employment and was under the direction and supervision of his employer.
Plaintiff alleges that the accident occurred as a result of Humble's negligence in the operation of defendant's truck, which acts of negligence consisted principally of travelling at an excessive rate of speed in approaching, overtaking and colliding with a car travelling in the same direction on the highway, causing the truck to be thrown out of line and across plaintiff's lane of travel.
By supplemental petition, plaintiff made the American Employers' Insurance Company, the liability insurer of W. Horace Williams Company, a party defendant with the original defendant and sought a judgment in solido against the defendants so made.
Although the two defendants filed separate answers, their answers are tantamount to one answer. In their answer, they admit that the truck in question was owned by the W. Horace Williams Company and that the American Employers' Insurance Company was the liability insurer. *Page 777 
They deny all of the essential allegations of the petition. In further answer, they aver that the said George Humble was not acting within the scope of his employment, but was on a personal mission, and that his use of the truck at that time was in direct disobedience to the rules and instructions of his employer. In the alternative, they aver that plaintiff operated his car at an excessive rate of speed and with headlights which blinded approaching traffic and particularly the said George Humble, which negligence contributed to the accident.
Upon these issues, the case was tried. There was judgment in favor of plaintiff and against the defendants in solido for the sum of $462, with legal interest thereon from judicial demand until paid, together with all costs. Defendants have appealed.
In this court, defendants concede the negligence of George Humble and the want of contributory negligence of the plaintiff. Therefore the questions presented on this appeal are whether the defendant, W. Horace Williams Company, is liable for the negligence of George Humble under the doctrine respondeat superior, and if so, the amount to be awarded.
[1] Humble was an employee of W. Horace Williams Company in the construction of Camp Polk, which is north of the point of the accident; he resided at De Ridder, which is south of Camp Polk, and the point of accident. Due to the shortage of living facilities in and near Camp Polk, Humble had the use of the pickup truck to go to and from work. Under these facts, a presumption arises that Humble was acting in the course of his employment and that the duty then devolved upon the defendants to rebut the presumption in order to escape liability. Have the defendants discharged this duty?
The record discloses that the accident happened at about 2 o'clock a.m. on Monday, October 6, 1941. Humble's employment hours were from 8 a.m., to 4:30 p.m. His last working day prior to the accident was Saturday, October 4th; he left his job at Camp Polk on that Saturday at noon and was not due back on the job before Monday morning at 8 o'clock.
[2,3] At the time of the accident, Humble was travelling south on the highway in the direction of De Ridder, wherein he resided, more than thirty-six hours after he had left his employment on Saturday. Humble had been granted the use of the truck to go to and from his work, and to use the truck in the performance of his duties. It therefore cannot be said that Humble was on his way home from work, nor can it be said that the accident happened on his employer's premises. Humble had absolutely no reason to be on the Highway, in so far as his employer's business was concerned, at the time of the accident. He necessarily must have been on a mission of his own. It is shown by admissible evidence that the employees who had the use of a car or truck had explicit instructions, by verbal statement and also by circular letters, that they were not to use the car or truck for any other purpose but company business, and to go to and from their homes and the reservation. Upon being informed of the accident, defendant terminated Humble's employment on the morning of the accident, for the reason that he had violated these instructions. Suffice it to say that the evidence discloses that Humble was not in the course and scope of his employment at the time of the accident.
Under the well settled jurisprudence of this State an employer cannot be held responsible for the tortious act of the employee on the mere fact that the employee was using the vehicle belonging to the employer with its consent. The employee, at the time when his fault or negligence causes the damage, must be acting within the scope of his employment.
In the language of the Supreme Court in the case of Maas v. Harvey, 200 La. 736, 8 So.2d 683, 689, "To hold the employer liable for the damages caused by the negligence of the employee in this case would compel the court virtually to abolish the distinction — which is universally recognized in applying the doctrine respondeat superior — between the cases in which the employee is acting within the scope of his *Page 778 
employment, and the cases in which he is not so acting, at the time when his fault or negligence causes the damage."
Plaintiff, in brief, contends that the Compensation jurisprudence is that where transportation of the employee is an obligation of the employer and the employee is injured on his trip to or from the job the employer is held for compensation and that that principle of law is applicable to his case. We do not question the Compensation Jurisprudence or its principle. However, we state that if this were a compensation case, under the facts in the case, the result would be the same. See Evans v. Central Surety Ins. Corporation, La. App., 10 So.2d 406.
For these reasons, the judgment appealed from is annulled, reversed and set aside. It is now ordered and decreed that plaintiff's suit be and the same is hereby dismissed at his costs.