103 So.2d 301 (1958)
Herbert L. HARDING
v.
Nick J. CHRISTIANA and Texas Mutual Insurance Company.
No. 20732.
Court of Appeal of Louisiana, Orleans.
June 9, 1958.
*302 Lemle & Kelleher, Carl J. Schumacher, Jr. and Dudley D. Flanders, New Orleans, for plaintiff-appellant.
Ogden & Woods, Charlton B. Ogden, II and Fallon W. Bentz, New Orleans, for Nick J. Christiana defendant-appellee.
L. JULIAN SAMUEL, Judge ad hoc.
The defendant, Nick J. Christiana, was engaged in the wholesale poultry and egg business in connection with which he owned and operated some nine or ten trucks. On the night of the accident involved herein one of his truck drivers, Edmond Johnson, asked permission to drive home in one of these trucks because of the cold and rain and the long distance he had to walk. The defendant granted this permission with the specific instruction that Johnson must go directly home and "no where else" and that Johnson could use the truck only for driving to his home and returning to work in the morning.
Johnson left his work that evening at about 8:00 p. m., his usual time of departure, and drove the truck to his home in Algiers. He remained at his home only long enough to eat and then, contrary to his instructions, drove in the truck to a bar in Algiers. Shortly after 11:00 p. m. of the same evening, while returning to his home in the truck, Johnson ran off the road and into a building at 1921 Whitney Boulevard which building was owned by plaintiff, Herbert L. Harding. Harding sued Christina and his insurer, Texas Mutual Insurance Company, for the resulting damages to his building.
The trial Court dismissed the suit against the insurance company as of non-suit due to the fact that said company had been placed in receivership and rendered judgment *303 on the merits in favor of the defendant Christina, also dismissing the suit as to him. The plaintiff has appealed only from the judgment on the merits in favor of Christina.
Since there is no doubt about the driver's negligence, the only question involved is whether or not, under the doctrine of respondeat superior as expressed in Louisiana by LSA-Civil Code Article 2320, the employee Johnson was acting in the scope of his employment at the time the accident occurred. For, under the settled jurisprudence of this state, an employer is not responsible for the tortious act of an employee merely because the employee was using the employer's vehicle with the latter's consent. In order for such liability to attach the employee must be acting within the scope of his employment at the time his fault causes the damage. James v. J. S. Williams & Son, 1933, 177 La. 1033, 150 So. 9; Hadrick v. Burbank Cooperage Co., La. App.1938, 177 So. 831; Cado v. Many, La. App.1938, 180 So. 185; Futch v. W. Horace Williams Co., La.App.1946, 26 So.2d 776, 777; Romero v. Hogue, La.App.1954, 77 So.2d 74.
The plaintiff seeks to recover under the doctrine of re-entry, or temporary deviation, which is to the general effect that where the employee, who is driving the vehicle owned or provided by the employer, departs from his employment and undertakes a mission of his own, such employee re-enters his employment and the scope thereof after he has completed his own mission and has begun to return to his next duty or, after such completion, has begun to return the vehicle to the place where it belongs. Embry v. Reserve Natural Gas Co., 1929, 12 La.App. 97, 124 So. 572; Goldman v. Yellow Cab Co., 1931, 17 La.App. 450, 134 So. 351; Matheny v. U. S. Fidelity & Guaranty Co., La.App.1938, 181 So. 647; 14 Tulane Law Review 72.
It is the contention of the plaintiff that the employee Johnson was required by the defendant to keep the truck overnight at the former's home on the date of the accident; that Johnson had completed his deviation from the employment and was returning the truck to his home at the time the accident occurred; and that, under the above rule, he had re-entered the scope of his employment when he began this trip to the place where the truck was to be kept. Principal reliance is placed upon three cases: the Goldman case, cited above, Black v. Rock Island A. & L. Railway Co., 1909, 125 La. 101, 51 So. 82, 26 L.R.A.,N.S., 166, and Duffy v. Hickey, 1922, 151 La. 274, 91 So. 733.
We cannot agree with this contention and are of the opinion that none of these cases is controlling here. In the Duffy case it is questionable that there was a deviation sufficient to constitute a departure from the scope of the employment, and in both the Duffy and Goldman cases the deviation, if any in the former, was from an original journey authorized by the employer and begun while the employee (in both cases the driver of an automobile transporting passengers for hire) was actually engaged in performing the duties of his employment. The Black case, as pointed out in James v. J. S. Williams & Son, supra, is distinguishable on custodial grounds.
In the instant case the defendant was the owner of the truck operated by his employee at the time of the accident. Under these circumstances a presumption arises that the employee was acting within the scope of his employment and the burden is upon the defendant to establish the contrary. Futch v. W. Horace Williams Co., supra; G'Sell v. Cassagne, La.App.1943, 12 So.2d 51.
The defendant has carried this burden beyond any question. All of the evidence before the Court, without contradiction of any kind, points to the facts as set forth hereinabove. Nor is there anything in the record which casts any doubt or suspicion on the testimony of the witnesses.
*304 The plaintiff cannot recover in this case for two reasons, either of which, by itself, would be sufficient to bar such recovery:
First, there was, within the meaning of the re-entry rule, no deviation from a journey authorized by the employer. The accident occurred during a separate, distinct and additional trip taken by the employee for his own purposes, in no way connected with his employment and in direct violation of his employer's orders. Where the trip is unauthorized at its inception, such as is the case here, there can be no re-entry of the employment until after the completion of the unauthorized journey, and this applies to both the outgoing trip and the one on the way back. James v. J. S. Williams & Son, supra; Parks v. Hall, La.App.1937, 179 So. 868, subsequent proceedings on another point, 1938, 189 La. 849, 181 So. 191 and 182 So. 347; G'Sell v. Cassagne, supra.
Second, generally an employee is not acting within the scope of his employment while going to and from his place of employment. This is true even where the vehicle used for such transportation by the employee is owned and furnished by the employer except where there is some distinguishing and additional fact which causes such travel to benefit or serve the employer or his business. Cado v. Many, supra; Boyce v. Greer, La.App.1943, 15 So.2d 404.
No such additional fact exists here. The employee Johnson was using the truck entirely for his own purpose and convenience. Under these circumstances the defendant could not be held liable even if the accident had occurred while Johnson was on his way to or from work and it follows that no liability attaches under the facts of this case.
The judgment appealed from is affirmed.
Affirmed.
JANVIER and REGAN, JJ., absent.