378 So.2d 549 (1979)
Josephine CAIN
v.
John DOE and Orkin Exterminating Company, Inc.
No. 10546.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1979.
*550 Silvers & Tanet, Michael Silvers, New Orleans, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read, Thomas E. Loehn, New Orleans, for defendant-appellant.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
The sole issue in this case is whether the driver of the truck owned by Orkin Exterminating Company, which struck plaintiff and caused the damages herein sued for, was in the course and scope of his employment at the time of the accident. The trial court ruled that Orkin was liable for its employee's negligence, and Orkin has appealed.
The accident occurred at 7:00 p. m. on a Saturday evening. The truck had been checked out that morning to the lead man of a two-man crew, Edward Baker being the helper.[1] Although neither member of the crew could be located at time of trial, Orkin's time records (signed by Baker) indicate that he worked from 7:00 a. m. to 3:30 p. m. on the date of the accident.
Orkin's operating procedure was for servicemen to turn in their truck keys and time sheets, at the completion of their duties each afternoon, to the sales supervisor or to the service manager, or, if no one was in the office (as frequently occurred on Saturday afternoons), to drop the time sheets and the keys to the vehicle in a locked box with a chute into the building. Employees were absolutely forbidden to use the trucks after working hours, except in the case of a special work assignment which required work at late hours, in which case the employee could drive the truck home and to work the next morning with special permission. Orkin's records showed that on the accident date Baker had no special work assignment and no special permission to drive the truck after working hours and that he was discharged immediately after the accident for driving the truck after working hours without permission. Moreover, plaintiff's testimony indicated that Baker was intoxicated at the time of the accident.
The fact that an employee is violating the employer's express rules is not conclusive of the issue of course and scope of employment. Bordelon v. Great American Indem. Co., 124 So.2d 34 (La.App. 3rd Cir. 1950). Many other considerations enter into the determination of course and scope of employment, and the determination eventually depends upon the particular facts and circumstances of each case.
The social policy underlying imposition of vicarious liability contemplates charging the employer with the responsibility for damages caused by the employee in the exercise of the functions in which the employee was hired. C.C. art. 2320. Thus, when an employee's tortious conduct is closely related in time, place and causation with his employment duties, the risk of harm is fairly imputable to the employer's business, and the employer is held liable for the damages. LeBrane v. Lewis, 292 So.2d 216 (La.1974). However, the purpose of the policy is not served when (as in the present case) the employee's tortious conduct occurs long after he has completed his employment duties and the employee is engaged in an activity which is not shown in any manner to be related to the service of the employer or to the furthering of the employer's interest. Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir. 1978).
We conclude that this record does not support a conclusion that plaintiff's injury was caused by an Orkin employee who was in the course and scope of his employment at the time of the accident. No other basis *551 has been shown for imposing liability on Orkin.[2]
Accordingly, the judgment of the trial court is reversed, and it is now ordered that plaintiff's suit be dismissed. Costs of this appeal are assessed to defendant.
REVERSED AND RENDERED.
NOTES
[1] Under company policy either member of the crew could drive the truck.
[2] One might question whether a motor vehicle owner's liability, as owner, for damage caused by the vehicle was changed by the enactment of the Compulsory Motor Vehicle Liability Security Law, apparently enacted for the benefit of tort victims. Inasmuch as R.S. 32:861 et seq. became effective July 1, 1978 and this accident occurred in 1976, that question is not presented in this case.