415 So.2d 487 (1982)
Charles HEARD and Frank Murphy
v.
Phillip M. BLAKNEY.
No. 14831.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*488 Jack T. Marionneaux, Plaquemine, for plaintiffs-appellees Charles Heard and Frank Murphy.
William J. Guste, Jr., Atty. Gen., Arthur E. Stallworth, Staff Atty., Baton Rouge, for defendant-appellant State of Louisiana.
Jack M. Dampf, Baton Rouge, for defendant-appellee Phillip M. Blakney.
Before LEAR, CARTER and LANIER, JJ.
LANIER, Judge.
This appeal concerns a claim by a State employee for reimbursement, pursuant to La.R.S. 13:5108.2, of attorney fees from the State of Louisiana for defending a lawsuit. The State answered this demand asserting that the employee was not acting within the scope and course of his employment with the State, and that La.R.S. 13:5108.2 was not applicable. The trial judge rendered judgment in favor of the employee and the State took this devolutive appeal. The employee answered the appeal seeking an increase in the attorney fees award for the cost of defending the appeal.

I. FACTS
At all times pertinent to these proceedings, Phillip M. Blakney was serving as the Regional Support Enforcement Services Supervisor of the Child Enforcement Program of the Department of Health and Human Resources of the State of Louisiana at its office located at 501 N. 7th Street in the City of Baton Rouge, Parish of East Baton Rouge, Louisiana. The office building and parking lot adjacent to the building were leased to the State of Louisiana. As part of his duties, Blakney was responsible for these premises. Charles Heard and Frank Murphy were both employees of this regional office and were subordinates of Blakney.
Prior to February of 1980, Murphy had been counseled concerning several instances of returning to the office late from lunch. On several occasions prior to February of 1980, Heard had been counseled concerning the manner and efficiency with which he handled his case files. Effective February 13, 1980, Blakney directed Heard's immediate supervisor, Edward F. Sledge, to place Heard under intensive supervision for substandard case record maintenance. On February 15, 1980, Blakney recommended that Heard be terminated for failure to comply with the instructions given to him on February 13, 1980. A copy of this recommendation was given to Heard and, on that same day, there was a minor confrontation between Heard and Blakney.
On February 26, 1980, during regular office hours, Blakney observed Heard and Murphy in the vicinity of his personal automobile which was parked in the office parking lot. Blakney saw Heard smearing something on the windshield of his car. He did not observe Murphy doing anything. Blakney ordered both employees to return to the office building, received a statement concerning the incident from another employee who was present and attempted to call his immediate superior. When he was unable to reach his superior, Blakney called the Baton Rouge Police to investigate the incident. The Baton Rouge Police came and investigated the incident, but the record does not reflect what action, if any, was taken at this time. Thereafter, Blakney recommended administrative disciplinary action against both Heard and Murphy who were subsequently transferred out of this office to other jobs.
Approximately one month later, Blakney went to the office of the City Prosecutor "to file the charges", which he believed to be criminal mischief. Later, according to Blakney, "someone from the City Prosecutor's Office told me that my charges had been dismissed or something."
On August 27, 1980, Heard and Murphy filed a suit for damages against Blakney for malicious prosecution. Within a day or two after being served with the pleadings, on *489 September 9, 1980, Blakney made demand upon the attorneys for the Department of Health and Human Resources to provide him with a defense in this case. This request was denied by the Attorney General of Louisiana. Thereafter, Blakney retained private counsel who on September 18, 1980, filed an answer to the original petition, a reconventional demand against Heard and Murphy and a third party demand against the State of Louisiana pursuant to LSA-R.S. 13:5108.2 for the cost of defense.
By order dated January 26, 1981, Heard, Murphy and Blakney jointly dismissed their respective main demands and the reconventional demand at their respective costs. This matter proceeded to trial on April 20, 1981, on the third party demand by Blakney against the State of Louisiana. The trial judge ruled from the bench that Blakney was acting within the scope and course of his duties with the Department of Health and Human Resources and rendered judgment in his favor for $750.00 for attorney fees, with legal interest from date of judgment and for all costs of the third party demand.

II. APPLICABLE LAW
Louisiana Revised Statutes 13:5108.2(B) provides as follows:
"It is hereby declared to be the public policy of this state that the state shall hold harmless and indemnify each official, officer, and employee of the state from any financial loss arising out of any claim, demand, suit, or judgment in any court by reason of alleged negligence or other act by the official, officer or employee, if the official, officer, or employee, at the time damages were sustained, was acting in the discharge of his duties and within the scope of his office or employment and such damages did not result from the willful and wanton act or gross negligence of the official, officer, or employee." (Emphasis added.)
The record shows that Blakney qualifies as an official, officer or employee of the state as defined in LSA-R.S. 13:5108.2(A) and that he timely made demand for a defense in accordance with LSA-R.S. 13:5108.2(C). The question in this case is whether or not Blakney "was acting in the discharge of his duties and within the scope of his office or employment ...".[1] It is well settled that the particular circumstances of each case will determine whether an employee's conduct is within or without the scope and course of his employment. Miller v. Keating, 349 So.2d 265 (La.1977). If an employee's conduct is closely related in time, place and causation with his employment duties, he is deemed to be within the scope and course of his employment. LeBrane v. Lewis, 292 So.2d 216 (La.1974); Cain v. Doe, 378 So.2d 549 (La.App. 4th Cir. 1979). The test is whether the employee is performing some function for his employer which he was employed to perform. Weysham v. New Orleans Public Service, Inc., 385 So.2d 19 (La.App. 4th Cir. 1980); Walters v. Sentry Insurance Company, 354 So.2d 1087 (La. App. 2nd Cir. 1978).

III. SCOPE AND COURSE OF EMPLOYMENT
The principal allegations of Heard and Murphy against Blakney appear in paragraphs 2, 3 and 4 of the petition as follows:

"2.
"On the 26th day of February, 1980, defendant maliciously and without probable cause instituted criminal proceedings against petitioners in the City Court for the City of Baton Rouge as will more fully appear herein after. (sic)

"3.
"On the 26th day of February, 1980, defendant caused petitioners to be issued summonses for the charges of criminal mischief.

*490 "4
"On February 26, 1980, the defendant caused an employee of his, namely, June Gillis to issue a statement as a witness against plaintiff's (sic) herein, when in truth and in fact, she told the defendants that she had not seen the petitioners do any wrong."
The evidence of record shows that on February 26, 1980, Blakney was the supervisor of the state office and premises located at 501 N. 7th Street in Baton Rouge; that Heard and Murphy were his subordinates; and that the incident in question took place on state leased property during regular office hours. It can reasonably be inferred that the incident is related to supervisory procedures instituted by Blakney with reference to Heard and due to Blakney's recommendation that Heard's employment be terminated. Blakney attempted to counsel with his immediate superior on what action to take, but was unable to contact him. Blakney's personal car was used by him for state business once or twice a week and he was reimbursed by the state for such use. Under all of these circumstances, the trial judge could reasonably conclude that Blakney acted within the scope and course of his employment.
The fact that Blakney, subsequent to this incident, went to the City Prosecutor's Office to "file charges" is not determinative. The thrust of the claim by Heard and Murphy centers around the incident of February 26, 1980, and not the subsequent trip to the prosecutor's office. This subsequent trip merely culminated a course of conduct which was initiated on February 26.[2]
Under all of these facts and circumstances, it is our opinion that Blakney was reasonably acting within the scope and course of his employment with the State on February 26, 1980, and subsequent thereto. This conclusion is supported by the facts of record. There is no basis for reversal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

IV. ATTORNEY FEES
As a result of the Attorney General's refusal to provide a defense for Blakney, he was required to retain private counsel at a rate of $60.00 per hour. In the trial court, Blakney introduced evidence showing that his attorneys had performed 12.16 hours of work. The trial judge fixed the attorney fees for the services in the sum of $750.00. This award is clearly within the much discretion granted to trial judges and is affirmed.
On appeal Blakney has filed in the record a supplemental statement from his attorneys showing an additional 12.33 hours of work attendant to the appeal for a total of 24.49 hours of work performed. It is our opinion that an additional fee of $750.00 should be awarded for the time and work involved in defending this appeal.

V. CONCLUSION
For the reasons assigned, the judgment of the trial court is affirmed, and there will be judgment in favor of Phillip M. Blakney and against the State of Louisiana in the sum of $750.00 with interest thereon at the rate of 10% per annum from September 18, 1980, until September 11, 1981, and thereafter at 12% per annum, until paid, and there will be further judgment in favor of Phillip M. Blakney and against the State of Louisiana in the sum of $750.00, with interest at the rate of 12% per annum from May 21, 1982, until paid, and for costs in the amount of $303.89.[3]
AFFIRMED.
NOTES
[1] There has been no claim raised by the State that the suit resulted "from the willful and wanton act or gross negligence of the official, officer, or employee."
[2] There is no evidence of record to show exactly what Blakney did in the prosecutor's office. There is no evidence to show if the City Prosecutor declined prosecution or filed charges and then entered a nolle prosequi. There is no evidence of record to show if Heard and Murphy were arrested or summonsed to appear in court.
[3] La.C.C. arts. 1938 and 2924; La.R.S. 13:5117; Deutsch, Kerrigan & Stiles v. Rault, 389 So.2d 1373 (La.App. 4th Cir. 1980); La.R.S. 13:5112.