SCHOTT, Judge.
This suit began with a suit by Aida C. Diaz against Dale T. Rodriguez and his insurer, Allstate Insurance Company for damages arising out of an automobile accident which occurred in October, 1979. Diaz later amended her petition to make Robert E. Donnelly and the City of New Orleans additional defendants. Diaz claimed additional damages resulting from an auto accident with Donnelly in November, 1979 while Donnelly was in the course and scope of his employment by the city and was operating a car owned by the city. Diaz again amended the petition to allege that Donnelly was in the course and scope of his employment by the Orleans Parish District Attorney when the accident occurred. The suit against the city was eventually dismissed on its motion for summary judgment and the original suit against Rodriguez and Allstate was settled. Donnelly filed a third party demand against the State of Louisiana for indemnification and the case proceeded to trial on Diaz’s claim against Donnelly and the District Attorney and on Donnelly’s third party demand against the state. The trial court dismissed the main demand, but held that a separate hearing was necessary to determine “the issue of whether the State.... must reimburse_ Donnelly, for attorney’s fees as an outgrowth of the refusal of the State ... to furnish him a defense.”
Donnelly filed a motion and rule against the state to show cause why he should not be granted attorney’s fees. He was joined in this motion by the District Attorney. Following a hearing on this motion the court rendered a judgment for $3,500 in favor of William F. Wessel, attorney for the District Attorney and Donnelly, against the State of Louisiana. The state has appealed from the judgment and the District Attorney and Donnelly have answered the appeal seeking an increase in the attorney’s fee to $8,500 and for an additional fee for work in this court.
This case was before the Supreme Court following the trial court’s denial of the state’s motion for summary judgment which was filed in response to Donnelly’s third party demand against the state. Diaz v. Allstate Ins. Co., 433 So.2d 699 (La.1983). The state had argued that LSA-R.S. 42:1441(A) shields the state from liability for damage caused by an employee of the district attorney. The trial court declared this statute unconstitutional and on that basis denied the motion for summary *997 judgment. The Supreme Court held it was unnecessary to consider whether the cited statute is constitutional because the state is independently obliged to indemnify an employee by virtue of R.S. 13:5108.2(B) which, at the time of these events was as follows:
“It is hereby declared to be the public policy of this state that the state shall hold harmless and indemnify each official, officer, and employee of the state from any financial loss arising out of any claim, demand, suit, or judgment in any court by reason of alleged negligence or other act by the official, officer or employee, if the official, officer, or employee, at the time damages were sustained, was acting in the discharge of his duties and within the scope of his office or employment and such damages did not result from the willful and wanton act or gross negligence of the official, officer, or employee.”
The Supreme Court held that Donnelly as an employee of the district attorney was an employee of the state for purposes of the quoted statute and was entitled to be held harmless by the state from any financial loss he sustains because of his negligence while discharging duties in the scope of his employment. 433 So.2d 701-702.
In order for Donnelly to burden the state with the cost of his defense he had to show he was acting in the discharge of his duties and was in the scope of his employment when the accident occurred. Yet the sum total of the evidence on this crucial point consists of the following single question to and answer by Donnelly:
.Q. “And again, where were you coming from? I know you were going to the District Attorney’s Office. Were we you coming from?”
A. “I had worked past the high lunch hour so I went out to pick up a sandwich and return to my office to eat it at work.”
In Heard v. Blakney, 415 So.2d 487 (La.App. 1st Cir.1982), which dealt with this issue of whether the employee was entitled to indemnification under the statute, the court treated the issue in the same way as the issue of an employer’s vicarious liability to a third party plaintiff under C.C.Art. 2320. Here the test to be applied is whether the employee was performing some function for the employer and for which he was employed; or whether the employee’s tortious conduct was so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interests. Daniels v. Conn, 382 So.2d 945 (La.1980)
Applying these principles to the facts before us we cannot conclude that Donnelly was in the course and scope of his employment. He took his lunch hour and left his place of work. His mission was purely personal — to get lunch. He was returning to his place of work but again to engage in personal activities, eating lunch. He would not begin performing functions for the district attorney until he returned to his office and finished lunch. Being negligent while on his lunch hour and returning from picking up lunch could hardly be regarded as a risk of harm fairly attributable to the district attorney’s business.
In Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983) this court addressed the specific issue of the employer’s vicarious liability for injury caused by an employee’s negligence while driving a vehicle owned by the employer. The court listed the important consideration in resolving the issue as whether 1) the vehicle was being used in such a manner as to benefit the employer; 2) the employee was subject to the employer’s control at the time of the accident; 3) the employee’s use of the vehicle was authorized by the employer; and 4) the employee’s motive arose from personal objectives or, instead, from his employer’s concern. Of these criteria only the third factor is present, Donnelly’s use of the vehicle was authorized by the district attorney. But his use of the vehicle to pick up his lunch was of no benefit to the dis *998 trict attorney, he was not subject to the district attorney’s control since he was on his lunch hour, and his motive arose from the purely personal objective of eating lunch and was of no concern to the district attorney.
Therefore, we find that Donnelly was not in the course and scope of his employment when the accident occurred and conclude that he is not entitled to indemnification under R.S. 13:5108.2. Accordingly the judgment appealed from is reversed and set aside, and there is judgment in favor of the State of Louisiana and against Robert E. Donnelly and the Orleans Parish District Attorney dismissing their claim for indemnification at their cost.
REVERSED AND RENDERED.