CIACCIO, Judge.
A. Copeland Enterprises, Inc. appeals from a judgment of the district court which granted plaintiff Donna Austin's motion *1207 for partial summary judgment, decreeing that, at the time of this accident, defendant driver Joseph Pascarelli was acting within the course and scope of his employment. We reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with this decision.
Plaintiff Donna Austin sustained injuries when the truck she was operating in St. Bernard Parish was struck by a car driven by Joseph Pascarelli and leased to his employer, A. Copeland Enterprises. On May 1, 1984 Mrs. Austin filed suit for damages against Joseph Pascarelli and Popeye’s Fried Chicken of Louisiana, Inc. alleging that, at the time of this accident, Mr. Pas-carelli was acting within the course and scope of his employment with Popeye’s Fried Chicken of Louisiana, Inc. The defendants, Pascarelli and Popeye’s filed an answer on May 25, 1984 which denied this allegation. On February 19, 1986 plaintiff filed a third supplemental and amending petition which added defendant A. Copeland Enterprises, Inc., d/b/a Popeye’s Famous Fried Chicken to this lawsuit. This supplemental and amending petition also alleged that Mr. Pascarelli was an employee of this defendant and that as such, his employer was responsible for Pascarelli’s actions under the theory of respondeat superior. Defendant, A. Copeland Enterprises, d/b/a Popeye’s Famous Fried Chicken, answered this supplemental and amending petition denying that at the time of this accident Mr. Pascarelli was acting within the course and scope of his employment with them.
In response to a request for admissions, A. Copeland Enterprises admitted that Mr. Pascarelli was employed by them but denied that he was acting within the course and scope of his employment when involved in the accident that forms the basis of this lawsuit.
On April 10, 1987 plaintiff filed a motion for partial summary judgment which would declare that, at the time of the collision, Joseph Pascarelli was acting in the course and scope of his employment. In support of its motion plaintiff filed an automobile rental agency’s report of accident form executed by Mr. Pascarelli wherein he stated the vehicle was being used for business and also the deposition of Joseph Pascarelli which had been taken on November 17, 1986. The defendants did not file an opposition to the motion nor did they present countervailing documentation.
On May 4,1987 the district court granted the plaintiff’s motion for partial summary judgment decreeing that Joseph Pascarelli was acting within “the scope of his employment with Popeye’s at the time of the collision complained of.”
On June 3, 1987 plaintiffs filed a motion to amend this judgment so as to show that Pascarelli was working for A. Copeland Enterprises, Inc., d/b/a Popeye’s Famous Fried Chicken.
On June 7,1987 A. Copeland Enterprises, Inc. appealed devolutively from the May 4, 1987 partial summary judgment.
The sole issue for our consideration is whether the trial court erred in granting the plaintiff’s motion for partial summary judgment.
The mover is entitled to a summary judgment in its favor if the pleadings, depositions, answers to interrogatories and admissions of fact show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. Industrial Sand and Abrasives, Inc. v. Louisville & Nashville Railroad Co., 427 So.2d 1152 (La., 1983).
Appellant contends that the partial summary judgment was erroneously granted in that the evidence presented in support of the motion did not lead inescapably to the conclusion that defendant Pascarelli was in the course and scope of his employment at the time of the collision.
In Johnson and Roberts v. Dufrene and the City of New Orleans, 433 So.2d 1109 at 1112 (La.App., 4th Cir., 1983) this Court discussed the factors to be considered in determining whether an employee was acting within the course and scope of his employment during a given incident:
*1208 Article 2320 of the Louisiana Civil Code is the governing authority in this matter. It provides that:
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.”
The language “in the exercise of the functions in which they are employed” is the Codal equivalent of the more common phrase “in the course and scope of employment.” Romero v. Hogue, 77 So.2d 74 (La.App. 1st Cir.1954).
Whether an employee is within the course and scope of his employment during any given incident presents a question that is not answerable except by general rules, given the myriad contexts in which it might arise. The specific inquiry is whether the employee’s tor-tious conduct “was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interest.” Daniels v. Conn., 382 So.2d 945 (La.1980); LeBrane v. Lewis, 292 So.2d 216 (La.1974). In those instances where the injury is caused by an employee’s negligence while driving a vehicle owned by his employer, our jurisprudence has repeatedly stated that every case must be decided on its own facts. The important considerations which bear on the result are whether the vehicle was being used in such a manner as to benefit the employer, Taylor v. Lumpkin, 391 So.2d 74 (La.App. 4th Cir.1980); whether the employee was subject to the employer’s control at the time of the accident, Keen v. Pel State Oil Co., Inc., 332 So.2d 286 (La.App. 2d Cir.1976) whether the employee’s use of the vehicle was authorized by the employer, Harding v. Christiana, 103 So.2d 301 (La.App. Orleans 1958); Futch v. W. Horace Williams Co., 26 So.2d 776 (La.App. 1st Cir.1946); reh. den., 27 So.2d 184; and whether the employee’s motive arose from personal objectives or, instead, from his employer’s concerns, Keen, supra, Johns v. Hunt Lumber Company, Inc., 250 So.2d 543 (La.App. 2d Cir.1971).
Plaintiffs allege that the evidence presented in support of their motion for partial summary judgment was not subject to factual dispute and thus, they were entitled to judgment as a matter of law. We do not agree. In this case, plaintiff's documentary evidence did not prove that no genuine issue of material fact existed. Accordingly, summary judgment was otherwise inappropriate, C.C.P. Art. 967, (emphasis supplied), despite defendants’ failure to respond to the documents offered by plaintiff in support of the motion for summary judgment.
The plaintiffs offered two items of evidence in support of their motion. First, they offered a Hertz Rental Agency accident form executed by Mr. Pascarelli. In the form the following statement appears: “For What Purpose Was Automobile Being Used” and the response by Joseph Pascar-elli was “Business.”
The second item of evidence presented was the deposition of Mr. Pascarelli which had been taken on November 17, 1986. The deposition contained the following factual information provided by Mr. Pascarelli:
Mr. Pascarelli testified that he was employed as an area supervisor for the Popeye’s stores located in Chalmette and he would travel from one store to another within his area. Pascarelli used a car which was leased by his employer, A. Copeland Enterprises. The car was in his possession 24 hours per day and could be used for personal or business use. Pascarelli’s family also had another car. Mr. Pascarelli stated that although the Popeye’s stores normally close at 11 p.m. each night, he was nonetheless on call around the clock.
On the date of the accident, Pascarelli had helped close the Popeye’s store on Caf-fin Avenue, in New Orleans, at 11 p.m. Thereafter, he spent an hour engaged in cleaning and supervisory duties. He testified that he then got in his car to go home. He drove from Caffin Avenue to North Robertson Street and then onto Judge Perez Drive in Chalmette, Louisiana. This tra *1209 ditional route home brought the defendant past another Popeye’s store which is in his assigned area. Pascarelli testified that as he passed this store he “was kind of glimpsing in” in order to make sure no one was sitting at the counter. It was immediately thereafter that this accident occurred.
A. Copeland Enterprises has filed a cross claim for indemnity against Pascarelli, and Copeland denies that Pascarelli was acting in the course and scope of his employment. Whether the defendant driver was engaged in a business activity for the benefit of and subject to the authority and control of his employer or, to the contrary, was engaged in a purely personal activity (i.e., driving home from work) is a genuine issue of material fact which is inappropriate for disposition by summary judgment as a matter of law, but should be referred to the trial on the merits. Michaleski v. Western Preferred Casualty Co., 472 So.2d 18 (La.1985). Accordingly, mover was not entitled to partial summary judgment decreeing, as a matter of law, that Pascarelli was acting in the course and scope of his employment for Copeland.
We therefore reverse the trial court’s judgment on the plaintiff’s motion for partial summary judgment, at plaintiff’s cost, and we remand the case for further proceedings not inconsistent with this decision.
PARTIAL SUMMARY JUDGMENT REVERSED; CASE REMANDED.
BYRNES, J., concurs.