CIACCIO, Judge.
The trial court erroneously applied the provisions of La.R.S. 9:3921 in granting a summary judgment dismissing the third party demand of the employer, A. Copeland Enterprises, Inc. and its insurer.
The trial court may have been mislead by the incorrect quote of La.R.S. 9:3921 contained in Pascarelli’s motion for summary judgment. The correct wording of La.R.S. 9:3921 differs dramatically from that contained in the motion and we can find no explanation for its submission to the trial court.
La.R.S. 9:3921 provides:
A. Notwithstanding any provision in Title III of Code Book III of Title 9 of the Louisiana Revised Statutes of 1950 to the contrary, every master or employer is answerable for the damage occasioned by his servant or employee in the exercise of the functions in which they are employed. Any remission, transaction, compromise, or other conventional discharge in favor of the employee for such damage shall be valid as between the damaged creditor and the employee and the employer shall have no right of contribution, division, or indemnification from the employee nor shall the employer be allowed to bring any incidental action under the provisions of Chapter 6 of Title I of Book II of the Louisiana Code of Civil Procedure against such employee.
B. The provisions of this Section are remedial and shall be applied retrospectively and prospectively to any cause of action for damages arising prior to, on, or after the effective date of this Section.
The application of this statute presupposes a finding that the employee was acting in the course and scope of his employment. That issue remains to be litigated at the trial of this case. Austin v. Pascarelli, 522 So.2d 1206 (La.App. 4th Cir.1988).
Assuming, arguendo, that Pascarelli was acting in the course and scope of his employment, his employer’s claim for indemnity or contribution is barred by La.R. S. 9:3921 only if the employee has obtained a release or conventional discharge from the tort claimant. Barbin v. State, 506 So.2d 888 (La.App. 1st Cir.1987); Finley v. Bass, 478 So.2d 608 (La.App. 2nd Cir.1985).
The motion for summary judgment makes no allegation of the existence of a conventional release, and relator alleges that no conventional release was offered in support of the motion for summary judgment, nor did mover offer any affidavit in support of his motion nor was any testimony presented at the hearing. In the absence of a conventional discharge La.R.S. 9:3921 is inapplicable.
For the foregoing reasons, we find that the trial court erred in granting the summary judgment. Accordingly the summary judgment is reversed and vacated.
WRIT GRANTED; SUMMARY JUDGMENT VACATED.