566 So.2d 446 (1990)
Patricia WILLIAMS
v.
MARKEL LUMBER COMPANY and ABC Insurance Company.
No. 89-CA-1580.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1990.
Writ Denied November 26, 1990.
*448 Robert L. Hackett, Oestreicher, Whalen & Hackett New Orleans, for plaintiff/appellant.
Wendy E. Newlin, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendants/appellees.
Before SCHOTT, C.J., and BARRY and BECKER, JJ.
BECKER, Judge.
Plaintiff appeals the judgment of the trial court dismissing her suit against defendants, Markel Lumber Company and its liability insurer, United States Fidelity and Guaranty Company. Plaintiff, Patricia Williams, sued to recover damages for injuries allegedly sustained when she fell from the rear of a truck operated by her brother, John Williams, a Markel Lumber Company employee, and owned by Markel Lumber Company.
Plaintiff's claims against defendants are based upon the theories of negligence, strict liability and respondeat superior. Plaintiff argues that the injuries sustained were a result of the negligence of her brother in not informing her of the defective nature of the truck, and alternatively, Markel Lumber Company is strictly liable for the injuries caused by the defective nature of the truck.
The trial court, on December 30, 1988, granted defendants' motion for partial summary judgment on the issue of respondeat superior, finding that John Williams was not in the course and scope of his employment with Markel Lumber Company at the time of the accident. A trial on the merits of plaintiff's claims of negligence and strict liability against Markel Lumber Company was held on January 12, 1989. On January 20, 1989, the trial court rendered its judgment, finding that the accident sued upon was not caused by the actions of Markel Lumber Company, and dismissed plaintiff's petition.
On appeal, plaintiff seeks review of these two judgments. Ms. Williams contends that the trial court erred in finding that John Williams was not acting in the course and scope of his employment at the time of the accident, and in finding that Markel Lumber Company was neither negligent nor strictly liable for the damages allegedly sustained by plaintiff.
On the day of the accident, John Williams was employed as a truck driver by Markel Lumber Company. During his lunch hour, Williams encountered his sisters, Patricia Williams and Lillie Mae Williams. He had completed a delivery and had no lumber in his truck when he offered his sisters a ride to their mother's home on Fig Street, approximately two to three blocks from where he stopped to have lunch.
*449 The truck which Williams was driving had been modified with a metal railing used to support lumber which would not fit in the back of the truck. Plaintiff and her sister climbed onto the back of the truck without any assistance, comment, or instruction from their brother. They rode on the back edge of the truck, and for support, held on to the railing located approximately eight to ten inches above their heads. While making a turn, the truck hit a bump and the railing popped out of its sleeve on the driver's side of the truck, and swerved out and down. Patricia Williams, who was riding on the passenger side, indicated that when the railing came loose, she tried to keep from falling and grabbed the side of the truck. She was unable to hold on, and felt herself falling from the truck.
Robert Markel, president and manager of Markel Lumber Company, established the reason for the railing modification on the truck, as well as the intended design of the railing to be removable and not to hold passengers safely in place in the back of the truck. He confirmed that the bed of the truck was to be used exclusively for transporting cargo; never employees or passengers. Mr. Markel also reiterated the company policy prohibiting the transporting of guest passengers in their vehicles.
At trial, John Williams admitted that he was well aware of the Markel Lumber Company rule prohibiting the transporting of passengers, that he made no attempt to assist his sisters in climbing onto the rear of the truck, and that he knew that the function of the railing across the bed of the truck was to support lumber, not passengers. He further testified that he did not report the incident to his supervisor for fear of losing his job.
After a trial on the merits, the trial judge orally assigned his reasons for judgment, stating that there was no defect in the design of the truck railing. The railing was designed to be movable, and was not intended to be used by passengers riding on the back of the truck.
Plaintiff's first assignment of error is that the trial court erred in granting defendants' motion for summary judgment, finding that John Williams was not in the course and scope of his employment at the time of the accident. Defendants contend that plaintiff's appeal of the partial summary judgment is untimely. The judgment in question was rendered and signed by the trial judge on December 30, 1988. The order granting plaintiff's devolutive appeal was signed by the trial court on February 28, 1989. Where there is no application for a new trial, a devolutive appeal must be taken within sixty days of the expiration of the delay for applying for a new trial. L.S.A.-C.C.P. article 2087. Thus, plaintiff's motion and order for devolutive appeal of the summary judgment was taken within the legal delays allowed. See L.S. A.-C.C.P. articles 1974, 2087, 2121.
A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there are no genuine issues of material fact and that mover is entitled to judgment as a matter of law. L.S.A.-C.C.P. articles 966, 967; Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152 (La.1983); Austin v. Pascarelli, 522 So.2d 1206 (La. 4th Cir.1988); Robinson v. Haynes, 433 So.2d 294 (La.App. 1st Cir.1983) writ denied, 438 So.2d 1112 (La.1983). The party moving for the summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Robinson, supra.
Defendants, Markel Lumber Company and United States Fidelity & Guaranty Company, relied upon the deposition testimony of John Williams, and the affidavit of Harold C. Meyer, then President of Markel Lumber Company. Mr. Meyer, in his affidavit, stated that there was a company policy, of which John Williams was aware, which prohibited the transporting of non-employees in the company vehicles.
John Williams admitted in his deposition that he was on his lunch hour when he encountered his sisters. He further stated that, although he knew it was against company policy, he offered his sisters a ride to their mother's home.
*450 Plaintiff filed no depositions, affidavits, or other documents to refute the facts represented in Mr. Meyer's affidavit and Mr. Williams' deposition. When a motion for summary judgment is made and supported with affidavits, depositions, and/or answers to interrogatories, the adverse party may not rest merely on the allegations or denials contained in his pleadings. He must provide opposing affidavits or other documentation which show that there are genuine issues of material fact. If he does not produce such documentation, the summary judgment, if appropriate, should be rendered against him. L.S.A.-C.C.P. article 967.
The trial court, in granting the motion for summary judgment, found that John Williams was not in the course and scope of his employment with Markel Lumber Company at the time of the incident.
"Whether an employee is within the course and scope of his employment during any given incident presents a question that is not answerable except by general rules, given the myriad contexts in which it might arise. The specific inquiry is whether the employee's tortious conduct `was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employee's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest.' Daniels v. Conn, 382 So.2d 945 (La.1980); LeBrane v. Lewis, 292 So.2d 216 (La.1974). In those instances where the injury is caused by an employee's negligence while driving a vehicle owned by his employer, our jurisprudence has repeatedly stated that every case must be decided on its own facts. The important considerations which bear on the result are whether the vehicle was being used in such a manner as to benefit the employer, Taylor v. Lumpkin, 391 So.2d 74 (La.App. 4th Cir. 1980); whether the employee was subject to the employer's control at the time of the accident, Keen v. Pel State Oil Co., Inc., 332 So.2d 286 (La.App. 2nd Cir. 1976) cert denied, 333 So.2d 234 (La. 1976); whether the employee's use of the vehicle was authorized by the employer, Harding v. Christiana, 103 So.2d 301 (La.App. Orleans 1958); Futch v. W. Horace Williams Co., 26 So.2d 776 (La. App. 1st Cir.1946), writ denied, 27 So.2d 184; and whether the employee's motives arose from personal objectives or, instead, from his employer's concerns, Keen, supra; Johns v. Hunt Lumber Company, Inc., 250 So.2d 543 (La.App. 2nd Cir.1971)."

Austin v. Pascarelli, supra at p. 1208; Johnson v. Dufrene, 433 So.2d 1109, 1112 (La.App. 4th Cir 1983), writ denied, 441 So.2d 765 (La.1983).
The fact that an employee's conduct violates the employer's express rules is not conclusive of the issue of scope of employment. Bordelon v. Great American Idemnity Co., 124 So.2d 634 (La.App. 3rd Cir. 1960); Normand v. City of New Orleans, 363 So.2d 1220 (La.App. 4th Cir.1978) writ denied, 366 So.2d 573 (La.1979). Many other considerations enter into the determination of course and scope of employment, and the determination eventually depends upon the particular facts and circumstances of each case. Cain v. Doe, 378 So.2d 549 (La.App. 4th Cir.1979).
The policy underlying the imposition of vicarious liability contemplates the imposition of responsibility upon the employer for damages caused by the employee in the exercise of the functions in which the employee was hired. L.S.A.-C.C. article 2320; Cain v. Doe, supra. This purpose is not served if the employee's misconduct occurs when he has abandoned or completed the employment and engages in an activity which is in no manner related to the employer's business. Cain v. Doe, supra; Normand v. City of New Orleans, supra.
In the present case, the fact that John Williams was on his lunch hour at the time of the incident is not disputed. The deposition and affidavits relied upon by defendants clearly show that John Williams had abandoned his employment when he chose to visit his mother. Furthermore, Williams specifically acted in contravention of company *451 rules when he allowed his sisters to ride on the truck. The employer's vehicle was being utilized in an entirely unauthorized manner when plaintiff was allegedly injured. The trial court was correct when it found that Williams was on a purely personal mission with no benefit to his employer. We do not find that the trial judge abused his discretion in granting defendants' motion for summary judgment, specifically finding that Williams was not in the course and scope of his employment at the time of the accident.
Plaintiff further contends that the trial court erred in finding that the design of the truck with the metal railing was not defective. Plaintiff argues that the metal railing was defective, and that defendants knew or should have known of the defective nature of the railing. However, plaintiff failed to provide an expert witness to testify as to the defective nature in the design of the metal railing. The trial court specifically noted that the railing was intended to be movable and was used to support lumber. Robert Markel testified that the railing was not to be utilized to hold passengers. In fact, Markel stated that the truck itself was not designed to hold passengers in the bed of the truck.
Under both negligence and strict liability theories, a plaintiff must prove that the defendants' breach of a duty owed to the plaintiff caused the injuries sued upon. The only difference in a strict liability case is that the claimant is relieved of proving that the owner or custodian knew or should have known of the risk involved. McKinnie v. Department of Transportation & Development, 426 So.2d 344 (La. App. 2nd Cir.1983), writ denied, 432 So.2d 266 (La.1983).
Under Louisiana Civil Code article 2317, when harm results from a defect in a thing which creates an unreasonable risk of harm to others, the person in whose custody the thing is when the harm results, is liable for the damage thus caused. Loescher v. Parr, 324 So.2d 441 (La.1975); Garrett v. City of Baton Rouge, 521 So.2d 638 (La.App. 1st Cir.1988), writ denied, 523 So.2d 235 (La.1988). The burden is on the plaintiff to prove the vice or defect in the thing which creates an unreasonable risk of harm to others and that the damage resulted from some vice or defect. Sikes v. McLean Trucking Company, 383 So.2d 111 (La.App. 3rd Cir.1980). A defect is some flaw or fault existing or inherent in the thing itself that creates an unreasonable risk of harm to others. Naylor v. Louisiana Department of Public Highways, et al, 423 So.2d 674 (La.App. 1st Cir 1982), writ denied, 429 So.2d 127, 134 (La. 1983).
In deciding whether the risk resulting in a person's harm was within a duty imposed on an alleged tortfeasor, two questions must first be answered: (1) was the conduct complained of a cause in fact of the harm? (2) was the alleged tortfeasor under a duty to protect against the particular risk involved? Carter v. City Parish Government, etc., 423 So.2d 1080 (La. 1982); LeBlanc v. Department of Highways, 419 So.2d 853 (La.1982); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
If the alleged tortfeasor's conduct of which the plaintiff complains is a cause in fact of the harm, then, in a negligence action, it is necessary to ascertain whether the alleged tortfeasor breached a legal duty imposed to protect against the particular risk involved. Forest v. State, thru Louisiana Department of Transportation, 493 So.2d 563 (La.1986); Carter v. City Parish Government, supra; LeBlanc v. Department of Highways, supra; Jones v. Robbins, 289 So.2d 104 (La.1974); Hill v. Lundin & Associate Inc., supra.
A risk is not excluded from the scope of duty simply because it is individually unforeseeable. A particular unforeseeable risk may be included if the injury is easily associated with the rule relied upon and with other risks of the same type that are foreseeable and clearly within the abmit of protection. Forest v. State, thru Louisiana Department of Transportation, supra; Carter v. City Parish *452 Government, supra; Hill v. Lundin & Associates, Inc., supra.
The plaintiff bears the burden of proving all the elements of his cause of action by a preponderance of the evidence. The plaintiff in the present case has failed to meet this burden. A review of trial testimony fails to show any evidence regarding the defectiveness in the design or nature of the metal railing. The only evidence concerning the design of the truck and the railing was elicited from Mr. Robert Markel. Mr. Markel testified that the railing in question was designed to be movable. Further, Mr. Markel stated that the truck in question was not a typical pick-up truck. The truck had a heavy steel flatbed which was wider than a normal pickup. The bed was wide enough to accommodate a large load of lumber being slid on the back with a forklift. The metal railing was used to support weight placed on top of it. Mr. Markel also testified that the truck was not designed to hold passengers in the back. There was no evidence introduced by the plaintiff which refuted Mr. Markel's testimony. Plaintiff presented no witnesses to testify that such a design was not suited for the truck in question.
Therefore, we find that the trial court did not commit manifest error in granting judgment in favor of the defendants, dismissing plaintiff's suit. The trial court was correct when it stated that there was no evidence of any defect in the design of the truck and railing.
Accordingly, the summary judgment granted on December 30, 1988, and the judgment granted on January 20, 1989 by the trial court are affirmed.
AFFIRMED.
SCHOTT, C.J., concurs in the result.