635 So.2d 282 (1994)
DOWNTOWN PARKING SERVICE, INC.
v.
Dr. Harris HYMAN, III, Claire Hyman Moses and Celia Seiferth Kornfeld, Individually and as Executrix of the Succession of Helen Stern Seiferth.
Dr. Harris HYMAN, III, Claire Hyman Moses, and Celia Seiferth Kornfeld, Individually and as Executrix of the Succession of Helen Stern Seiferth
v.
DOWNTOWN PARKING SERVICE, INC.
Nos. 93-CA-1803, 93-CA-1804.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1994.
Rehearing Denied May 12, 1994.
*283 Leon H. Rittenberg, Jr., Leon H. Rittenberg, III, Polack, Rosenberg, Rittenberg & Endom, New Orleans, for appellees.
James J. Coleman, Sr., Bertrand F. Artigues, Suzanne L. Guidry, Richard B. Jurisich, Jr., New Orleans, for appellant.
Before BYRNES, LOBRANO and WALTZER, JJ.
BYRNES, Judge.
Plaintiff-appellant Downtown Parking Service, Inc. leased and operated a parking garage from defendant-appellees, Dr. Harris Hyman, III, Claire Hyman Moses and Celia Seiferth Kornfeld, individually and as executrix of the Succession of Helen Stern Seiferth (referred to hereafter collectively as the "owners") pursuant to a written lease dated February 11, 1991. Rent was based on a percentage of gross income, a different percentage being required depending on whether the garage was operated as a self-park facility, an attendant-park facility, or a combination of the two.
The lease contained cancellation clauses for both parties including one that allowed the owners to cancel if the garage did not produce gross income of $250,000.00 over any successive twelve (12) months.
The operation of the garage under this lease proved unprofitable to Downtown Parking. Downtown Parking alleges that the owners agreed to re-negotiate the lease. Downtown Parking further alleges that the representations made by the owners that they would re-negotiate were made in bad faith.[1] As a result of its reasonable reliance on the owners' allegedly bad faith representations, Downtown Parking says that it continued to operate the garage at a loss for four more months than it otherwise would have, and that the owners should be responsible for those losses. Downtown Parking filed suit based on these contentions as well as an alleged breach by the owners of their repair obligations. The owners reconvened for rent, claiming rent based on gross income rather than net income for the four disputed months of September, October, November, and December of 1992.
The trial court granted the owner's motion for summary judgment against Downtown Parking. Downtown Parking appeals.
In Williams v. Markel Lumber Co., 566 So.2d 446 (La.App. 4th Cir.), writ denied, 569 *284 So.2d 981 (La.1990) (writ denied with comment "the result is correct.") the court held:
When a motion for summary judgment is made and supported with affidavits, depositions, and/or answers to interrogatories, the adverse party may not rest merely on the allegations or denials contained in his pleadings. He must provide opposing affidavits or other documentation which show that there are genuine issues of material fact. If he does not produce such documentation, the summary judgment, if appropriate, should be rendered against him.
This pronouncement of this Court in Williams v. Markel Lumber Co., does not apply when the supporting affidavits, depositions, and/or answers to interrogatories fail to show the absence of a genuine issue of material fact. Where the moving party fails to "show that there are no genuine issues of material fact" the adverse party may rest on mere allegations or denials contained in his pleadings. Security Nat. Trust v. Kalmback, 613 So.2d 664 (La.App. 2 Cir.1993). The party moving for the summary judgment has the burden of showing the absence of a genuine issue of material fact. Williams v. Markel Lumber Co., supra, at 449; Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La. App. 4 Cir.1993); Security Nat. Trust v. Kalmback, supra.
The criteria for granting summary judgments have been clearly set forth by this Court in several recent cases such as Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4 Cir.1993):
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1919).
In Dibos v. Bill Watson Ford, Inc., supra, this Court explained that:
... To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion Corp. v. Vaughn, supra. Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). No summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1st Cir.1980). It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Morris v. Louisiana Coca Cola Bottling Co., Ltd., 354 So.2d 659 (La.App. 1st Cir.1977). The weighing of conflicting evidence on a material fact has no place in summary judgment procedure. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3d Cir.1974). A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts, e.g., motive, intent, good faith, knowledge. [See Penalber v. Blount, 550 So.2d 577, 583 (La.1989) ]. See Jefferson Parish School Bd. v. Rowley Company, Inc., 305 So.2d 658 (La.App. 4th Cir. 1974); Butler v. Travelers Ins. Co., 233 So.2d 271 (La.App. 1st Cir.1970). Testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Urban Management Corp. v. Ellis L. Burns, Jr., et al, supra [427 So.2d 1310 (La.App.1983)]; Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976). Making evaluations of credibility has no place in determining a summary judgment. Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La. App. 4 Cir.1972); Hemphill v. Strain, supra. (Emphasis added).
In Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992), *285 writ not considered, 613 So.2d 986 (La.1993), this Court noted:
A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute.
A motion for summary judgment is not to be used as substitute for a trial on the merits. Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4 Cir.1984), writ denied 519 So.2d 117 (La.1988). The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4 Cir. 1990), writ denied 571 So.2d 629 (La.1990). This is true no matter how small the chances of the party opposing the motion to ultimately prevail appear to be. Dearie v. Ford Motor Co., 583 So.2d 28 (La.App. 5 Cir.1991), writ denied 588 So.2d 1117 (La.1991).
This Court adopts the reasoning of the court in Security Nat. Trust v. Kalmback, 613 So.2d 664, 670 (La.App. 2d Cir.1993):
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material factual issues. Watson v. Cook, supra [427 So.2d 1312 (La.App.2d Cir. 1983)]. If insufficient, summary judgment must be denied. If sufficient, the burden then shifts to the opposing party to present evidence showing that material facts are still at issue. Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App. 2d Cir.1987). An opposing party need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Dement v. Red River Valley Bank, supra.

We agree with the principles of summary judgment law espoused by this Court in Williams v. Markel Lumber Co., supra, and Security Nat. Trust v. Kalmback, supra. Although these cases were cited by the owners they support Downtown Parking's position. "The supporting documents presented by the moving party [i.e., the owners] were [not] sufficient to resolve all material factual issues.... [Therefore,] summary judgment must be denied." Security Nat. Trust v. Kalmback, supra, at 670.
In support of their motion for summary judgment the owners filed under oath a statement of uncontested material facts. This statement did an excellent job of refuting Downtown Parking's "mere allegations" about the owner's failure to make required repairs. We note that Downtown Parking does not contest those issues on this appeal. However, the owners' statement of uncontested material facts fails to adequately address Downtown Parking's allegations, which we must construe liberally in their favor, to the effect that it sustained damages for which the owners are liable as a result of its reasonable reliance upon "assurances", i.e., representations made to it by the owners. This genuine issue of material fact remains unresolved.
The owners having failed to resolve all material factual issues, we never reach the issue of whether the deposition of Mr. Warren Rome, Jr. adequately alleged the existence of legally binding representations made by the owners for which the owners could be held liable for damages sustained by Downtown Parking pursuant to its reliance thereon. Regardless of how remote the prospects for ultimate success at a trial on the merits appear to be, Downtown Parking may continue to rely on "mere allegations" and is entitled to a trial on the merits on those allegations as long as any genuine issue of material fact remains.
However, there is no question that a lease existed between Downtown Parking and the owners and that Downtown Parking did not pay the rent called for in said lease which was due on October 15, 1992, November 15, 1992, December 15, 1992 and January 15, 1993. The existence of other matters in dispute between the parties does not relieve Downtown Parking of its obligation to pay the rent called for in the lease. The Board of Commissioners of the Port of New Orleans, v. Turner Marine Bulk, Inc., 93-CA-0310, 629 So.2d 1278 (La.App. 4 Cir.1993); Commercial *286 Equipment Distributors v. Anderson, 431 So.2d 29, 30 (La.App. 1 Cir. 1983) and cases cited therein. The owners are entitled to have the summary judgment in their favor for the rent due them sustained, regardless of the other unresolved issues.
For the foregoing reasons the judgment of the trial court is affirmed insofar as it awarded rents, attorney's fees and costs claimed by the owners in their reconventional demand. The balance of the case is remanded for further proceedings consistent with this judgment.
AFFIRMED IN PART; AND REMANDED.
NOTES
[1] Downtown Parking's original petition, paragraph 21.