521 So.2d 638 (1988)
Doris B. Garrett and Donald GARRETT
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. CA 87 0021.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Writ Denied April 22, 1988.
*639 Rhett R. Ryland, Baton Rouge, for plaintiffs-appellees Doris B. Garrett, et al.
Michael J. Harig, Baton Rouge, for intervenor-appellee Valley Forge Ins. Co.
Larry Book, Baton Rouge, for defendants-appellants City of Baton Rouge, et al.
John C. Young, Baton Rouge, for defendant-appellee State of La., DOTD.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
This is a suit for personal injury and property damage brought by Doris Garrett and her husband, Donald, for damages sustained in a one-vehicle accident when Mrs. Garrett's car slid out of control as she drove through a slippery foreign substance on a state-owned road. On September 14, 1982, Mrs. Garrett (plaintiff) was travelling north on Acadian Thruway in Baton Rouge, Louisiana, after an afternoon rain. As she approached the intersection of Acadian Thruway and Broussard Street, plaintiff lightly applied her brakes to attempt to stop at the red light. She immediately lost control of her car and slid into an embankment on the right side of the road, thereby suffering injuries and sustaining damage to her car. When she got out of her car, plaintiff noticed that her car had slid in some type of slick tar or oil substance on the roadway.
Initially, plaintiff only sued the City of Baton RougeParish of East Baton Rouge (City-Parish) for negligence with regard to the hazardous road condition. Plaintiff later named as defendant the State of Louisiana, through the Department of Transportation and Development, Office of Highways, for strict liability as owner of Acadian Thruway which contained a defect or hazardous condition. The City-Parish filed a third-party demand against the State for indemnity and/or contribution. The State filed a third-party demand against the City-Parish for indemnity and/or contribution raising questions of duties and responsibilities under a maintenance agreement between the City-Parish and State. Valley Forge Insurance Company intervened to recover on the claim paid by them as liability carrier for plaintiffs.
After a trial on the merits, the trial court rendered judgment on October 1, 1986, in favor of the plaintiffs in the amount of $13,840.97, with interest and costs, against the City-Parish. In addition, judgment was rendered in favor of the State and the third party demands were dismissed. The intervention of Valley Forge, plaintiffs' liability carrier, was recognized in the amount of $3,391.97 by preference and priority out of the plaintiffs' award. Mr. Garrett was awarded $449.00 for his deductible and out-of-pocket medical expenses, and Mrs. Garrett was awarded the balance of $10,000.00 for her personal injuries.
From this judgment, the City-Parish has appealed. It alleges two assignments of error, as follows:
(1) The trial court abused its considerable discretion in finding for the plaintiff contrary to the law and evidence; and
(2) In the alternative, the trial court abused its discretion in awarding an excessive amount of damages.

LIABILITY OF THE STATE
Under La.Civ.Code art. 2317,[1] when harm results from a defect in a thing which creates an unreasonable risk of harm to others, the person in whose custody the thing is when the harm results, is liable for *640 the damage thus caused. Loescher v. Parr, 324 So.2d 441 (La.1975). However, the burden is on the plaintiff to prove the vice or defect in the thing which creates an unreasonable risk of harm to others and that the damage resulted from such vice or defect. Sikes v. McLean Trucking Company, 383 So.2d 111 (La.App. 3d Cir.1980). In other words, in a strict liability case, the claimant is relieved only of proving that the owner or custodian knew or should have known of the risk involved and must still prove that under the circumstances, the thing was defective. McKinnie v. Dept. of Transp. & Development, 426 So.2d 344 (La.App. 2d Cir.1983), writ denied, 432 So. 2d 266 (La.1983). A defect is some flaw or fault existing or inherent in the thing itself that creates an unreasonable risk of harm to others. Naylor v. Louisiana Dept. of Public Highways, et al., 423 So.2d 674 (La.App. 1st Cir.1982), writs denied, 429 So.2d 127 & 134 (La.1983).
Our review of the record convinces us that the trial court was not "clearly wrong" in concluding that plaintiff had failed to prove that the oil-based tar spill on the road constituted a defect therein which created an unreasonable risk of harm. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Plaintiff introduced no convincing evidence regarding how the oil-based tar spill got on the road or how long it had been there. Furthermore, our review of the record compels us to conclude that not only did plaintiff fail to prove any defect in the construction and maintenance of the road, but also that the only fact actually proven was the presence of a foreign substance (oil or tar) on the road at the time of the accident. The temporary presence of a foreign substance on a roadway, in and of itself, is not a defect for the purpose of imposing liability under La.Civ.Code art. 2317 [Naylor, 423 So.2d at 681] because such substances obviously are not flaws or faults which exist or are inherent in the thing itself. They are not imperfections in the road itself; and even if they were deemed to be such, not every imperfection in a road is so unreasonable as to justify the imposition of non-negligent liability. McKinnie, 426 So.2d at 347.
Accordingly, we conclude that plaintiff is not entitled to prevail in this instance under a theory of strict liability, and the trial court was not wrong in rejecting recovery on that basis.

LIABILITY OF THE CITY-PARISH
Though we have disallowed recovery by plaintiff under La.Civ.Code art. 2317, we must still determine whether there is any liability on the part of the City-Parish under La.Civ.Code art. 2315[2] or negligence theory.
Our supreme court in U.S.F. & G. Company v. State, Dept. of Highways, 339 So.2d 780 (La.1976), clearly set forth the guidelines in a negligence based claim against a public body. The court stated that a public body is not responsible for every highway accident and is not a guarantor of the safety of travelers or an insurer against all injury that may result from obstructions or defects in highways. The court stated further that in order to hold a public body liable for an unsafe or hazardous condition it must be shown that that body had prior notice, either actual or constructive, of the dangerous condition and had sufficient opportunity to remedy that condition or to alert and warn motorists of its existence, and failed to do so.
Applying these guidelines to the facts in our case, we are led to conclude that the City-Parish did not have notice of the existence of the oil-based tar spill before plaintiff slid in the substance and was in an accident. The evidence clearly showed that the City-Parish's first notice of the spill was immediately after the accident when the investigating police officer notified the City-Parish of the dangerous condition on the road. The City-Parish work crews immediately went to the site of the accident and spread sand over the spill and barricaded the area to keep other motorists from driving through the spilled substance. We find that the City-Parish timely made a reasonable effort to correct *641 the hazardous road condition after being notified of it.
The plaintiff had the burden to show that it was more probable than not that the City-Parish was negligent and that such negligence was the cause of plaintiff's injury or loss. McDaniel v. Welsh, 234 So.2d 833 (La.App. 1st Cir.1970). The plaintiff also had the burden to show that it was more probable than not that the City-Parish had notice of the spill. The trial court correctly stated that the case had to be decided on the preponderance of the evidence. However, the trial court then held that "a preponderance of the evidence indicates that the probabilities are that there were other City-Parish trucks in the area" and therefore, the responsibility for the spill fell on the City-Parish. We cannot agree with this conclusion.
Proof by a preponderance of the evidence may be by circumstantial evidence such as "other City-Parish trucks in the area." However, such circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty McDaniel, 234 So.2d at 840. We cannot say with certainty that the fact that "other City-Parish trucks were in the area," which was not conclusively shown, proves that more probably than not that the City-Parish had negligently caused the spill.
Thus, we conclude that there is no proof of the source of the oil-based tar spill. Furthermore, there is nothing of record to cause us to conclude that the City-Parish had notice (actual or constructive) of the spill until after plaintiff's accident. In order for us to impose liability in this case on the City-Parish, we would have to impute notice of the spill to the City-Parish simply because there may have been City-Parish trucks in the area on the day of the accident, (which fact was not established by the City-Parish records or testimony). Unquestionably, this would impose an unreasonable and unrealistic burden upon the City-Parish to notice spills on public roads around the city even if they are not working on that particular road at the time.
To allow plaintiff to recover under the facts presented by this case, would allow recovery solely upon proof of an accident that occurred on a public highway when a foreign substance was present and would accomplish what the law prohibits, i.e., making the City-Parish or State a guarantor or an insurer against all injuries which occur on public roads. Certainly such a result is untenable and cannot be condoned. McKinnie, 426 So.2d at 350.
Accordingly, we conclude that plaintiff failed to prove any acts of negligence on the part of the City-Parish and the trial court was clearly in error in imputing such negligence on the City-Parish.
Since we have reached the conclusion that the State and City-Parish are free of responsibility for this accident, we pretermit discussion of the remaining issue on quantum.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the defendants, the City of Baton Rouge-Parish of East Baton Rouge and the State of Louisiana, through the Department of Transportation and Development, Office of Highways, dismissing plaintiffs' and Valley Forge Insurance Company's suits. All costs both in the court and in the trial court are assessed to plaintiffs-appellees.
REVERSED AND RENDERED.
NOTES
[1] La.Civ.Code art. 2317 provides in part:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody ...
[2] La.Civ.Code art. 2315 provides in part:

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it ...