WALTZER, Judge.
Dwaine and Tamila Smith appeal the trial court’s judgment finding that police officer John C. Rice was not in the course and scope of his employment with the City of New Orleans at the time of an automobile accident.
On August 25, 1990, in Kenner, Louisiana, a police car driven by Rice collided with an automobile driven by Dwaine Smith. Tamila Smith was a passenger in the vehicle. On November 14, 1990, the Smiths filed suit in Terrebonne Parish, seeking damages against Rice, the City of New Orleans, and the Smiths’ uninsured motorist carrier, Allstate Insurance Company. The case was transferred to Orleans Parish on an exception of improper venue.
The Smiths settled with Rice and Allstate, but proceeded to trial against the City of New Orleans. Trial was held August 3, 1992. Sitting as trier of fact, the trial judge heard testimony from Dwaine and Tamila Smith. Rice did not appear at trial, but his deposition was admitted into evidence in lieu of his testimony. On August 5, 1992, the trial court dismissed the Smith’s suit against the City of New Orleans, finding that Rice was not in the course and scope of his employment with the City at the time of the accident. In its reasons for judgment, the trial court stated:
[T]he thrust of Rice’s testimony is that his entire route and duties at the time of the accident were strictly personal to him: picking up his wife at the Kenner Wal-Mart, picking up his brother at the New Orleans Coroner's office on Tulane Avenue and South Broad Street, and going to a Saint’s football game. His actions did not benefit his employer and were not from his employer’s concern.
To prevail, plaintiff has the burden to prove the tests set forth in Johnson v. Dufrene, 433 So.2d 1109 and its progeny. For the reasons set forth above, the Court finds that he has failed to do so. * * * One must look to the intent of the custodial driver as to his mission at the time of the accident. Rice’s real intent was to attend a Saints football game; checking his messages which was not actually done was merely a thought if time permitted while he was picking up his brother at the same location.
The Smiths brought this appeal. We affirm. The trial court did not abuse its discretion in determining that the Smiths failed to prove, under the tests set forth in Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983), writ den. 441 So.2d 765 *743 (La.1983), that Rice was acting in the course and scope of his employment at the time of the accident.
In Johnson, supra, we stated,
In those instances where the injury is caused by an employer’s negligence while driving a vehicle owned by his employer, our jurisprudence has repeatedly stated that every case must be decided on its own facts. The important considerations which bear on the results are whether the vehicle was being used in such a manner as to benefit the employer, Taylor v. Lumpkin, 391 So.2d 74 (La.App. 4th Cir.1980): whether the employee was subject to the employer’s control at the time of the accident, Keen v. Pel State Oil Co., Inc., 332 So.2d 286 (La.App. 2nd Cir.1976); whether the employee’s use of the vehicle was authorized by the employer, Harding v. Christiana, 103 So.2d 301 (La.App. Orleans 1958); Futch v. W. Horace Williams Co., 26 So.2d 776 (La.App. 1st Cir.1946); reh. den. 27 So.2d 184; and whether the employee’s motive arose from personal objectives or, instead, from his employer’s concerns, Keen, supra, Johns v. Hunt Lumber Company, Inc., 250 So.2d 543 (La.App. 2nd Cir.1971).
Id., 433 So.2d at 1112 (emphasis original).
In Johnson, we affirmed a trial court judgment finding that New Orleans police officer Alvin Dufrene was in the course and scope of his employment at the time he caused an automobile accident. Dufrene was off-duty at the time of the accident, but was on twenty-four hour call. He was driving an unmarked police car owned by the City of New Orleans, and was taking his mother-in-law home following a birthday party for his brother-in-law. Dufrene was commander of the police department’s public records unit. He was an expert in repairing the department’s sophisticated criminal record filing machines, and was custodian of the department’s major felony reports, which were filed in a room to which he alone had access after normal working hours. Dufrene’s supervisor testified that Dufrene was assigned a personal police vehicle because expertise in repairing the department’s criminal record filing machines was in critical demand at all times. Dufrene was “dutybound” to use the police vehicle, even on personal missions, and the vehicle was equipped with a police radio so that Dufrene could be summoned to police headquarters at a moment’s notice.
The Smiths argue that the instant case is factually analogous to Johnson, and that the trial court erred in holding that they failed to meet their burden under Johnson of showing that Rice’s motive for using the vehicle arose from his employer’s concerns and that he was using the police vehicle for the benefit of the City of New Orleans.
In arguing that Rice’s motives for using the vehicle arose from his employer’s concerns, the Smiths point out that Rice was headed for police headquarters at the time of the accident. Smith testified that while at police headquarters, he intended to check his box, get his messages, and make phone calls. He stated that if a job came up while he was there, he would have taken care of it: “I would have to. I would have no choice.” However, Rice also admitted that he was going to police headquarters to pick up his brother, who was at the Coroner’s office located about a block from headquarters, prior to heading for a Saints game. Rice’s testimony implied that he would have checked his messages only if time permitted: “If I’ve got to sit and wait for somebody, I just as soon be doing something.” Accordingly, the trial court found that Rice’s real intent was to attend a Saints football game; checking his messages * * * was merely a thought if time permitted while picking up his brother at the same location.”
In addition, the accident occurred near a Kenner Wal-Mart, where Rice had gone to pick up his wife, whose car had broken down. Rice’s own personal vehicle was broken down in front of his house, and Rice admitted that the police vehicle was his only means of picking up his wife and proceeding to the Saints game. Thus, only after Rice had used the police vehicle to pick up his wife did he intend to proceed to police headquarters to pick up his brother *744 and, if time permitted, check his messages prior to heading for the Saints game.
In arguing that Rice was using the police vehicle for the benefit of the City of New Orleans, the Smiths point out that Rice was on twenty-four hour call at the time of the accident, and was carrying a beeper and a portable police radio. However, Rice also testified that he did not know whether he was required to carry his radio. In addition, Rice testified that the wreck occurred at 5:00 p.m., after his normal “tour of duty”, and that he was not being paid at the time of the accident. Furthermore, unlike the police officer in Johnson, Rice was not “dutybound” to use his police vehicle while on personal missions. Rice admitted that he sometimes drove his personal automobile to Saints games, and when asked whether he would have driven his personal automobile to the game had it not been broken down on the day of the accident, Rice replied “Probably, maybe not, I don’t know.”
In determining whether an employee was in the course and scope of his employment at the time of an automobile accident, every case must be decided on its own facts. Johnson, supra. As the trial court stated in its reasons for judgment, the thrust of Rice’s deposition testimony is that his route and duties at the time of the accident were strictly personal. Thus, under the circumstances presented by this case, we cannot say that the trial court abused its discretion in determining that Rice’s motive for using the vehicle arose from personal concerns and that he was not using the vehicle for the benefit of his employer. Accordingly, the decision of the trial court finding that Rice was not acting in the course and scope of his employment at the time of the accident is affirmed.
AFFIRMED.