MARC E. JOHNSON, Judge.
1 {¡Plaintiffs, Melissa and George Migliore, appeal the granting of summary judgment in favor of defendant, Ochsner Clinic Foundation. For the reasons that follow, we affirm.
Plaintiffs filed a petition for damages on February 2, 2007 against Dr. Javed Gill and Allstate Ins. Co. for injuries Mr. Migl-iore allegedly sustained as the result of a February 8, 2006 automobile accident. Mr. Migliore alleged he was driving his motorcycle eastbound on River Road in Jefferson Parish when a 2001 Honda Odyssey driven by Dr. Gill made a left turn onto River Road from Deckbar Ave. into his path of travel. Mr. Migliore asserted he took evasive action to avoid the accident and drove his motorcycle off the roadway at which time he struck a traffic control sign and sustained serious injury to his shoulder, nervous system and psyche. Mrs. Migliore sought damages for loss of consortium.
Thereafter, plaintiffs filed a supplemental and amending petition adding Ochsner Clinic Foundation (“Ochsner”) as a defendant. Plaintiffs asserted Dr. Gill was in the course and scope of his employment with Ochsner at the time of the |.^accident and, thus, Ochsner was vicariously liable for Dr. Gill’s negligence. Plaintiffs specifically alleged Dr. Gill was “on call” at the time of the accident.
Plaintiffs subsequently filed a motion for partial summary judgment on the issue of Ochsner’s vicarious liability. Ochsner also filed a motion for summary judgment *902 seeking dismissal of plaintiffs’ claim that it was vicariously liable for Dr. Gill’s negligence simply because Dr. Gill was “on call” at the time of the accident. After a hearing, the trial court denied plaintiffs’ motion for partial summary judgment and granted Ochsner’s motion for summary judgment dismissing plaintiffs’ claims against Ochs-ner with prejudice.
Plaintiffs filed the instant appeal seeking review of the granting of summary judgment in favor of Ochsner. They argue the trial court erred in finding Dr. Gill was not in the course and scope of his employment with Ochsner at the time of the accident. Plaintiffs maintain Dr. Gill’s “on call” status gave Ochsner significant control over his actions for purposes of vicarious liability.
Appellate courts review the granting or denial of a motion for summary judgment de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 98-2512 (La.7/5/94), 639 So.2d 730, 750. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored in the law. La. C.C.P. art. 966(A)(2); Robinson v. Jefferson Parish School Bd., 08-1224 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975.
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Facts are material |4if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Hines v. Garrett, 04-806 (La.6/25/04), 876 So.2d 764, 765 (per curiam). On appeal, this Court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Matthews v. Banner, 08-339 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163.
Employers are responsible for the damage caused by their employees in the exercise of the functions for which they are employed. La. C.C. art. 2320. An employer is only vicariously liable for an employee’s tortious conduct that is committed within the course and scope of employment. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 226. The “course” of employment refers to time and place while the “scope” of employment refers to employment-related risk of injury. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 996.
The Louisiana Supreme Court has explained:
Determination of the course and scope of employment is largely based on policy. The risks which are generated by an employee’s activities while serving his employer’s interests are properly allocated to the employer as a cost of engaging in the enterprise. However, when the party (the alleged employer) upon whom vicarious liability is sought to be imposed had only a marginal relationship with the act which generated the risk and did not benefit by it, the purpose of the policy falls, and the responsibility for preventing the risk is solely upon the tortfeasor who created the risk while performing the act.
Reed v. House of Decor, Inc., 468 So.2d 1159, 1162 (La.1985).
Whether an employee’s conduct is within the course and scope of his employment is a question answerable only by general rules, because of the myriad of *903 contexts in which the question may arise. Generally, an employee’s conduct is within the course and scope of his employment “if the conduct is of the kind he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.” | Orgeron, 639 So.2d at 226-27. The conduct must be “so closely connected in time, place, and causation to [the employee’s] employment duties as to be regarded as a risk of harm fairly attributable to the employer’s business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer’s interest.” Baumeister, 673 So.2d at 996 (citations omitted).
The facts in the instant case are undisputed. Dr. Gill was employed by Ochsner as a pathologist. As a condition of his employment, Dr. Gill was required to be “on call” a certain number of weekends per month. On the day of the accident, he was “on call” from 5:00 p.m. until 8:00 a.m. the next morning. While “on call,” Dr. Gill was required to wear a beeper and respond immediately when called by Ochsner. He was expected to physically be at Ochsner within 30 minutes of receiving a call.
The accident at issue occurred around 8:05 p.m., which was during Dr. Gill’s “on call” shift. At the time of the accident, Dr. Gill was driving his own 2001 Honda Odyssey, which he personally insured, and was taking his son to his ex-wife’s house. Dr. Gill was never called to Ochsner during his “on call” shift that day.
Contrary to plaintiffs’ assertion, the mere fact an employee is “on call” does not automatically give rise to employer liability. Rather, an employee’s “on call” status simply gives rise to a question of whether the employee was acting within the scope of his employment at the time of the aeci-dent. As reasoned by the court in Thurmon v. Sellers, 62 S.W.3d 145, 154 (Tenn.Ct.App.2001), quoting Le Elder v. Rice, 21 Cal.App.4th 1604, 26 Cal.Rptr.2d 749 (1994):
Public policy would be ill-served by a rule establishing 24-hour employer liability for on-call employees, regardless of the nature of the employee’s activities at the time of an accident. Respondeat superior is imposed for three policy reasons: “(1) to prevent recurrence of the tortious conduct; (2) to give greater assurance of [^compensation for the victim; and (3) to ensure that the victim’s losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury.” [citations omitted] None of these goals would be legitimately accomplished by a rule establishing automatic 24-hour employer liability for 24-hour on-call employees. First, employer liability would not prevent a recurrence of the tortious conduct because an employer has no right to control the purely personal conduct of an employee. Second, although the deep pocket of an employer might give greater assurance of compensation for the victim, that desired economic end would be achieved inequitably because the victim’s losses would not be borne by the person who benefitted from the injury-producing activity.
Modern technology has changed the means by which we communicate. Beepers, pagers, facsimile machines and cellular phones keep us literally at a fingertip’s distance from one another. But on-call accessibility or availability of an employee does not transform his or her private activity into company business. The first question must always focus on scope of employment. Where the injury-producing activity is beyond that scope, no totality of other circum *904 stances will result in respondeat superi- or liability.
Based on the facts in this case, we cannot say Dr. Gill was acting in the course and scope of his employment with Ochsner at the time of the accident even though he was “on call.” Dr. Gill was driving his own personal vehicle and was engaged in strictly personal activity that offered absolutely no benefit to Ochsner. Further, Ochsner had not exerted control over Dr. Gill at .the time of the accident. Dr. Gill had not been summoned by Ochsner at the time of the accident and was free to go about his day. The outcome may have been different if Dr. Gill had been involved in the accident while traveling to Ochsner in response to his employer’s request for his services.
We do not find Dr. Gill’s personal activities throughout the day while “on call” were closely connected to his employment duties so as to be regarded as a risk of harm fairly attributable to Ochsner. Moreover, a doctor’s “on call” status does not definitively result in the doctor reporting to work. In the present case, Dr. Gill was never required to report to work during his “on call” shift.
|7We are aware of the seemingly differences of opinion among and within the circuits regarding the issue of whether an “on call” employee is within the course and scope of his employment. See Soileau v. D & J Tire, Inc. 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, writ denied, 97-2737 (La.1/16/98), 706 So.2d 979, where the employee was found to be in the course and scope of his employment where he drove a truck that was partially paid for by his employer and was used for company business, carried a beeper and was “on call” when he left work until 7:30 p.m.; Smith v. Rice, 613 So.2d 741 (La.App. 4th Cir.1993), where an “on call” police officer carrying a beeper and using an unmarked police car was found not to be in the course and scope of his employment when he was involved in an accident while picking up his wife and proceeding to a Saints game; and, Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983), writ denied, 441 So.2d 765 (La.1983), where an “on call” police officer was found to be in the course and scope of his employment when he was involved in an accident while driving an unmarked police car even though he was returning from his brother-in-law’s birthday party and driving his mother-in-law to her residence.
Despite any confusion these cases may cause regarding the issue sub judice, the instant case is distinguishable from the aforementioned cases in that Dr. Gill was driving a personal vehicle that was neither partially owned nor provided by his employer.
In determining whether an employee was in the course and scope of his employment, every case must be decided on its own facts. Under the circumstances of this case, we find Dr. Gill’s conduct was for purely personal concerns and did not benefit his employer; thus, he was not acting in the course and scope of his employment at the time of the accident.

IsDECREE

After conducting a de novo review, we find the trial court properly granted summary judgment in favor of defendant/ap-pellee, Ochsner Clinic Foundation, dismissing plaintiffs/appellants’ claims against Ochsner. Appellants are to bear the costs of this appeal.

AFFIRMED