SUSAN M. CHEHARDY, Chief Judge.
lain this matter, appellant seeks review of the trial court’s grant of summary judgment in favor of a law firm on the basis that it was not vicariously liable for the actions of one of its attorney-notaries. For the following reasons, we reverse and remand.

Facts and Procedural History

In 2011, Daniel and Elizabeth Webb had been married for 39 years. On December 12, 2011, Daniel, who is an attorney licensed to practice law in Louisiana and a founding member of the law firm, Sutter-field & Webb, LLC, entered into a credit agreement with First NBC Bank, purportedly secured by a mortgage on immovable *159 community property in Jefferson Parish, Louisiana. The mortgage instrument also bears a signature purporting to be that of Elizabeth Webb; however, Elizabeth avers that she did not sign that mortgage, and Daniel admits, that the signature is a forgery.[1]
| Nonetheless, Daniel, without Elizabeth present, presented the mortgage document for notarization to another attorney, Scott Winstead, who is a member of Sutterfíeld & Webb, LLC (hereinafter “LLC”). Win-stead notarized the signatures on the document attesting, “THUS DONE AND PASSED, on the day, month and year first written above, in the presence of the undersigned Notary and the undersigned competent witnesses, who hereunto sign their names with me after reading of the whole.” Winstead, in an affidavit, admitted that, at Daniel’s request, he notarized the signatures without witnessing Elizabeth affix her signature to the document. He avers that his action as a notary, although performed during business hours in his office, was a “personal favor” to his law partner, not an action in the course and scope of his employment with the LLC.
On July 19, 2012, after inadvertently discovering that Daniel had mortgaged their community property, Elizabeth filed the instant litigation seeking, among other things, damages against the LLC for the actions of its employee, Winstead.
On January 24, 2014, the LLC moved for summary judgment on the basis that Elizabeth failed to allege that Winstead’s actions were performed in the course and scope of his employment or “to benefit the business objectives of’ the LLC. Specifically, the LLC argues “while Winstead may have notarized this document in the course of his employment as a notary, it was not notarized in the scope of his employment with [the LLC], if his testimony is taken to be true.” .In support of its motion for summary judgment, the LLC attached the affidavit of Scott Winstead, which included a copy of the mortgage in question.
On February 11, 2014, the trial judge heard motions in this case, including the LLC’s motion for summary judgment. That day, the trial court granted the motion for summary judgment in favor of the LLC, which the trial judge | memorialized in a written judgment on February 28, 2014.[2] On April 3, 2014, Elizabeth filed an appeal, challenging the grant of summary judgment in the LLC’s favor.

Summary Judgment

Appellate courts review the granting or denial of a motion for summary judgment de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Migliore v. Gill, 11-407 (La.App. 5 Cir. 12/13/11), 81 So.3d 900, 902, writ denied, 12-94 (La.3/9/12), 84 So.3d 555.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled *160 to judgment as a matter of law. La. C.C.P. art. 966(B); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
Here, the LLC, who was the movant, had the burden of proof. La. C.C.P. art. 966(C)(2). The burden is on the party seeking summary judgment to establish that there is an absence of factual support for one or more of the essential elements of the adverse party’s claims. However, if the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2).
The materiality of a fact is determined by reference to the substantive law applicable to this case. Richard v. Hall, 03-1488 (La.4/23/04), 874 So.2d 131,137. Factual inferences reasonably drawn from the evidence must be construed in |sfavor of the opponent of the motion, and all doubt must be resolved in the opponent’s favor. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764, 765.
Under Louisiana law, an employer is answerable for the damage occasioned by its servants in the exercise of the functions in which the servant is employed. La. C.C. art. 2320. Specifically, an employer is liable for its employee’s torts committed if, at the time, the employee was acting within the course and scope of his employment. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 996.
An employee is acting within the course and scope of his employment when the employee’s action is “of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.” Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224, 226-27. In other words, an employee’s conduct is within the course and scope of his employment if the conduct is the kind that he is employed to perform. Gill, supra, at 903 (citing Orgeron, supra ). Thus, an employer will be responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer’s business. Id.
Further, a notary is liable both for deliberate misfeasance in the course of his official duties, ..and for negligence in performing those duties. Collins v. Collins, 629 So.2d 1274, 1276-77 (La.App. 5th Cir.1993), writ denied, 635 So.2d 1110 (La.1994). Further, in Summers Brothers, Inc. v. Brewer, 420 So.2d 197, 204 (La.App. 1st Cir.1982), our brethren on the First Circuit upheld a judgment against a notary who notarized a document containing forged signatures, noting
| fiEven if [the notary] did not know that the signatures on the contract were forgeries, he knew that by authenticating the document, as notary, he was telling the world that the parties had appeared before him and affixed their signatures in his presence. Thus, he committed fraud in that he purposely let third parties rely on a document purporting to be genuine but actually without validity as an authentic act. The ‘proof of validity he supplied was misleading to all who relied on the contract.
See generally, La. R.S. 35:1, et seq.
In this case, the LLC attached to its motion for summary judgment a self-serving affidavit from its employee, Winstead. We are unpersuaded by the LLC’s argument that “Winstead may have notarized this document in the course of his employment as a notary, [but] it was not notarized in the scope of his employment with *161 [the LLC].” In this case, Winstead, an attorney, admitted that, he notarized a document, at his office during business hours, without witnessing the signing of the document. We find that there is, at least, a genuine issue of material fact as to whether his actions are “of the kind that he is employed to perform, ... substantially within the authorized limits of time and space, and ... activated at least in part by a purpose to serve the employer.” Orger-on, swpra.

Conclusion

Upon our de novo review of the LLC’s motion for summary judgment, we find that there exists a genuine issue of material fact about whether Mr. Winstead was in the course and scope of his employment by the LLC. Thus, we conclude that this issue of material fact precludes summary judgment and, accordingly, reverse the judgment and remand for further proceedings.

REVERSED AND REMANDED.

. For his misconduct, Daniel Webb was disciplined by the Louisiana State Bar Association. In re Webb, 13-2583 (La.12/6/13), 129 So.3d 526, 527.

. The record before us reveals that the judgment on defendant's motion for summary judgment was erroneously denied on February 24, 2014, but re-submitted and granted on February 28, 2014. Because we are reversing this ruling on the merits, we decline to discuss the issues raised by this “resubmission.” See La. C.C.P. art. 1951.