| OMAR ZAMBRANO AND | * | NO. 2019-CA-0769 |
| NEREIDA NUNEZ, | | |
| INDIVIDUALLY, AND ON | * | |
| BEHALF OF, AND AS | | COURT OF APPEAL |
| NATURAL TUTOR OF THE | * | |
| MINOR CHILD, NAHOMI | | FOURTH CIRCUIT |
| ZAMBRANO | * | |
| | | STATE OF LOUISIANA |
| VERSUS | * * * * * * * | |
| STATE FARM MUTUAL | | |
| AUTOMOBILE INSURANCE | | |
| COMPANY, G & T CRANE, | | |
| INC., MIGUEL RIVERA, | | |
| MARTHA AGUILAR AND/OR | | |
| SOPHIA RIVERA | | |

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 64-487, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

*LEDET, J., CONCURS*

Peter Ralph Brigandi, Jr.
THE BRIGANDI LAW FIRM, LLC
1630 Franklin Street
Gretna, LA 70053

Patrick Hillary Hufft
HUFFT & HUFFT, APLC
635 St. Charles Avenue
New Orleans, LA 70130
     COUNSEL FOR PLAINTIFF/APPELLANT

William Ryan Acomb
Michael B. Guerry
PORTEOUS, HAINKEL & JOHNSON, LLP
704 Carondelet Street
New Orleans, LA 70130-3774
     COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**08/12/2020**

*SCJ*

*EAL*   This appeal arises out of an accident that occurred on May 7, 2017, when defendant Sophia Rivera ("Sophia"), a minor, was operating a four-wheel all-terrain vehicle ("ATV") at a local off-road park in Plaquemines Parish.  The ATV driven by Sophia allegedly struck plaintiff Nahomi Zambrano ("Nahomi"), another minor, who was pinned between the ATV and a trailer.  Nahomi and her parents, Omar Zambrano and Nereida Nunez (collectively, "Plaintiffs"), sued Sophia and her parents, Miguel Rivera ("Rivera") and Martha Aguilar (collectively, "Defendants"), for damages, claiming that Sophia sustained serious leg injuries from the accident.  Plaintiffs also sued G&T Crane, Inc. ("G&T"), Sophia's father's employer, under theories of vicarious liability and respondeat superior.

Plaintiffs appeal the trial court's March 26, 2019 judgment granting G&T's Motion for Summary Judgment, finding that there were no genuine issues of material fact as to whether Rivera was acting in the course and scope of his employment with G&T at the time of the accident.  For the reasons that follow, we affirm the trial court's March 26, 2019 judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

At the time of the accident, Rivera was employed as a mechanic at G&T. On Sunday May 7, 2017, Rivera was not scheduled to work. Rivera decided to take his family to an off-road park near Landfill Road in Plaquemines Parish to ride his ATVs. He drove to the park in his G&T company truck, which had been assigned to him by G&T, along with a gas card and a pre-paid cell phone. The company truck had G&T advertising logos on each side. Rivera's personal trailer was attached to the company truck, and was used to tow his two personal ATVs. When he and his family arrived at the ATV park, Rivera detached the trailer from the truck, and removed the ATVs from the trailer. Rivera turned off the truck ignition, and put the truck keys in his pocket. Sophia began to ride one of the ATVs while Nahomi sat on the trailer. At some point, the throttle cable on the ATV broke and the ATV accelerated and ran into Nahomi, pinning her between the ATV and the trailer.

On May 7, 2018, Plaintiffs filed a Petition for Damages ("Petition") against Defendants. On August 1, 2018, G&T filed a Motion for Summary Judgment, claiming that it could not be held vicariously liable for Nahomi's injuries because Rivera was not acting in the course and scope of his employment when the accident occurred. After a hearing on February 25, 2019, the trial court rendered a March 26, 2019 judgment granting G&T's Motion for Summary Judgment, and dismissing Plaintiffs' claims against G&T, with prejudice. Plaintiffs filed a timely devolutive appeal.

## DISCUSSION

### Standard of Review

We apply a *de novo* standard of review in examining a trial court's ruling on summary judgment. *Carrero v. Mandina's, Inc.*, 19-0158, p. 3 (La. App. 4 Cir. 8/7/19), —— So.3d ——, 2019 WL 3719552, *writ denied*, 19-1554 (La. 11/25/19), 283 So.3d 497. Accordingly, we use the same criteria that govern a trial court's consideration of whether summary judgment is appropriate. *Id.* "A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

### Burden of Proof

La. C.C.P. art. 966(D)(1) governs the mover's burden on a motion for summary judgment:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

The thrust of Plaintiffs' argument on appeal is that the trial court erred in concluding that there was no genuine issue of material fact as to whether Mr. Rivera was acting in the course and scope of his employment at the time of the accident. Accordingly, Plaintiffs contend that G&T is vicariously liable for Nahomi's injuries.

3

**Employer's Vicarious Liability**

"An employer is answerable for the damage occasioned by his servant in the exercise of the functions in which the servant is employed." *Orgeron on Behalf of Orgeron v. McDonald*, 93-1353, p. 4 (La. 7/5/94), 639 So.2d 224, 226 (citing La. C.C. art. 2320); *Johnson v. Transit Mgt.*, 17-0793, p 8 (La. App. 4 Cir. 2/18/18), 239 So.3d 973, 979. "In the application of Article 2320, an employer's vicarious liability for conduct not his own extends only to the employee's tortious conduct which is within the course and scope of employment." *Orgeron*, 93-1353, p. 4, 639 So. 2d at 226. (citing *Reed v. House of Décor, Inc.*, 468 So.2d 1159, 1161 (La. 1985)); *Flint v. Trolley Stop*, p. 3 (La. App. 4 Cir. 9/9/03), 843 So.2d 638, 638. "Whether an employee is within the course and scope of his employment is a question that is only answerable by general rules, because of the unending contexts in which the question may arise." *Orgeron*, 93-1353, p. 4. 639 So.2d at 226. "Generally speaking, an employee's conduct is within the course and scope of his employment if the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to service the employer." *Id.*, p. 4, 639 So.2d at 226-27; *Bates v. Caruso*, 03-2150, pp. 5-6 (La. App. 4 Cir. 7/28/04), 881 So.2d 758, 762. "An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business." *Orgeron*, p. 4, 639 So.2d at 227; *Washington v. Gusman*, 15-0177, pp. 20-21 (La. App. 4 Cir. 10/14/15), 183 So.3d 510, 527. In determining whether an employee was in the course and scope of his employment at the time of an accident, every

case must be decided on its own facts.  *Smith v. Rice*, 613 So.2d 741, 744 (La. App. 4th Cir. 1993); *Migliore v. Gill*, 11-407, p. 7 (La. App. 5 Cir. 12/31/11), 81 So.3d 900, 904.

The Supreme Court considers several non-exclusive factors in determining whether the employee's conduct is employment-rooted:  (1) the payment of wages by the employer; (2) the employer's power of control; (3) the employee's duty to perform the particular act; (4) the time, place, and purpose of the act in relation to service of the employer; (5) the relationship between employee's act and the employer's business; (6) the benefits received by the employer from the act; (7) the motivation of the employee for performing the act; and (8) the reasonable expectation of the employer that the employee would perform.  *Orgeron*, pp. 4-5, 639 So.2d at 227 (citing *Reed v. House of Décor, Inc.*, 468 So.2d 1169 (La. 1985)).

Plaintiffs contend that they have created a genuine issue of material fact as to whether Rivera was "on call" at the time of the accident.  Rivera testified by deposition that his typical work week was Monday through Friday.  He said that if G&T needed him to work on a Saturday or Sunday, he was usually notified ahead of time.  Kenneth Burlet, the president of G&T, testified by affidavit that Rivera was not required to be "on call' or otherwise available to G&T when he was not scheduled to work.  The day of the accident was Sunday, and Rivera testified that he was not scheduled to work on that day.  Burlet also testified that Rivera was not scheduled to work for G&T on the day of the accident, and Rivera was not called out on any emergencies on that date.  Burlet also testified that Rivera did not perform any work for G&T on May 7, 2017, and Rivera was not compensated by G&T for anything he did that day.

5

Plaintiffs presented deposition testimony from Arthur Gilbert, who was the operations manager at G&T.[1] Gilbert testified that G&T employees were assigned G&T trucks because they were on "a 24/7 call type basis." We find that Rivera was not truly "on call" on May 7, 2017 because he was not required to be available on a day that he was not scheduled to work.

Even if Rivera was "on call" that day, the mere fact that an employee is on call does not automatically give rise to liability on the part of the employer. *See Migliore,* 11-407, p. 5, 81 So.3d at 903. In *Migliore,* a doctor who was "on call" on the day of a traffic accident that allegedly injured a motorcyclist was found not to be within the course and scope of his employment at the time of the accident, even though he wore a beeper and was expected to report to his place of employment within 30 minutes if called to work. At the time of the accident, he was taking his son to his ex-wife's house, a personal activity that did not benefit his employer, and he was never called to report to work during his "on call" shift that day. *Migliore*, 11-407, p. 6, 81 So.3d at 904.

In *Smith*, the driver and passenger brought personal injury suits arising out of an automobile accident with a city police officer. The officer was determined to not be acting in the course and scope of his employment at the time his police vehicle was involved in an accident where, although he was on 24 hour call and carried a beeper, the police officer was on his way to a Saints game with his brother, after his normal tour of duty had ended. This Court found that because the officer's testimony was that his route and duties were strictly personal, and his motive for using the vehicle arose from personal concerns, he was not using the

---

[1] Gilbert was the La. C.C.P. article 1442 corporate representative of G&T.

vehicle for the benefit of his employer, and was not acting in the course and scope of his employment. *Smith*, 613 So.2d at 744.

Plaintiffs also assert that there is a genuine issue of material fact as to whether Rivera actually worked on the weekend of the subject accident. A review of G&T's job book and Rivera's time cards confirm that no genuine issue exists as to whether Rivera worked on the date of the accident. G&T's job book shows that no jobs were being worked on by G&T employees on Sunday, May 7, 2017. Rivera's time cards from both before and after May 7, 2017, show that Rivera did not fill out a time card for May 7, 2017. Rivera testified in his deposition that he did not perform any work for G&T on May 7, 2017. Burlet, the owner of G&T, also testified that Rivera did not perform any work for G&T on May 7, 2017, and was not paid by G&T for any work on May 7, 2017. Burlet also attested that Rivera was not on an errand or mission for G&T on May 7, 2017.

These arguments have no merit.

Plaintiffs also contend that because the company truck driven by Rivera was adorned with placards advertising for G&T Crane, Inc., the operation of the company vehicle was always a benefit to his employer, essentially being a "rolling billboard."

We can find no jurisprudence holding that an employee is acting in the course and scope of his employment simply because he is driving a company vehicle displaying the company's name. We agree with the trial court that, even though G&T may have received an incidental benefit from the advertising on Rivera's truck, this is too tenuous to place Rivera in the course and scope of his employment at the time of the accident.

7

Plaintiffs further contend the trip to the off-road park to ride ATVs was connected to Rivera's employment duties as a mechanic with G&T. The trial court rejected this argument:

> Mr. Rivera testified at his deposition that he took his family to the off-road park in his G&T company truck on the day of the accident. He attached his own trailer to the truck and used it to tow his ATVs to the park. He further testified that he made the trailer himself out of parts he got from a former employer in Lafayette. He always stored it at his house. He detached the trailer from the truck when they arrived at the park. Mr. Rivera testified that the ATVs he brought to the park that day, including the one involved in the accident, were owned by him personally. He removed the ATVs from the trailer. Sophia began riding one of them while Nahomi sat on the trailer.

Rivera's use of his personal trailer and ATVs on a family trip to the off-road park was in no way connected to Rivera's employment as a G&T mechanic. Rivera testified that he was not instructed by anyone at G&T to ride ATVs with his daughter on the date of the accident. "An employer is not responsible for an employee's conduct that is motivated by purely personal considerations entirely extraneous to the employer's interests." *LeBrane v. Lewis*, 292 So.2d 216, 218 (La. 1974).

In sum, based on our *de novo* review of the unique facts in this case, we cannot say that Rivera was acting in the course and scope of his employment with G&T at the time of the accident. The record shows that Rivera was engaged in strictly personal activity with his family that offered no benefit to G&T. Further, G&T had not exerted any control over Rivera at the time of the accident. Rivera had not be summoned by G&T at the time of the accident, and was free to go about his day with his family. Rivera's motivation for riding ATVs on his day off from work was purely for recreation, and not to serve his employer's interests.

Accordingly, the decision of the trial court finding Rivera was not acting in the course and scope of his employment at the time of the accident is affirmed.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's March 26, 2019 judgment granting G&T's Motion for Summary Judgment and dismissing Plaintiffs' claims against G&T, with prejudice.

## AFFIRMED