TIMOTHY D. KOEHL                            NO. 21-C-68

VERSUS                                      FIFTH CIRCUIT

RLI INSURANCE COMPANY, ET AL.               COURT OF APPEAL

                                            STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 758-658, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


May 12, 2021


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois


**WRIT GRANTED,**
**JUDGMENT REVERSED,**
**SUMMARY JUDGMENT GRANTED,**
**VICARIOUS LIABILITY CLAIMS DISMISSED**
    **SMC**
    **FHW**
    **JGG**

COUNSEL FOR PLAINTIFF/RESPONDENT,
TIMOTHY D. KOEHL
     Darla L. D'Amico
     Michael J. Almerico
     Callan Johns
     Peyton Bowman
     Glenn C. McGovern
     P. Jeremy LaFleur
     Lauren A. Lam

COUNSEL FOR DEFENDANT/RESPONDENT,
GEICO GENERAL INSURANCE COMPANY
     Alejandro Cobar

COUNSEL FOR DEFENDANT/RELATOR,
PACKARD TRUCK LINES, LLC
     Matthew D. Moghis
     William Peter Connick
     Michael S. Futrell

COUNSEL FOR DEFENDANT/RESPONDENT,
ROBERT T. SALASSI
     Steven O. Medo, Jr.

COUNSEL FOR DEFENDANT/RESPONDENT,
AXIS SURPLUS INSURANCE COMPANY
     Sarah Smith
     Jessica Z. Barger
     Michael Adams-Hurta

**CHEHARDY, C.J.**

In this personal injury case, the trial court denied defendant-relator Packard Truck Lines, LLC's, motion for summary judgment seeking dismissal of Mr. Timothy Koehl's claims against it. For the reasons that follow, we grant Packard's writ application, reverse the trial court judgment under review, grant summary judgment in favor of Packard, and dismiss Koehl's vicarious liability claims with prejudice.

## FACTS AND PROCEDURAL HISTORY

On Saturday morning, March 14, 2015, Mr. Robert Salassi was driving his personally owned vehicle when he struck Koehl's vehicle while turning into the Lowe's parking lot off of Veterans Blvd. in Metairie. Salassi produced an insurance card indicating that his vehicle was insured by RLI Insurance Company. Additional discovery revealed that the RLI policy was a commercial policy issued to Packard.[1] Packard is a heavy-equipment transport company that carries equipment used in the oil industry.

Until he passed away in November 2015, Salassi was one of three members/owners of Packard. Approximately six months before the March 2015 accident, Salassi was diagnosed with lung cancer. Packard's corporate representative, Mr.Claiborne Perrilliat, testified in his deposition that Salassi stepped away from day-to-day operations at Packard at the time of the diagnosis, though he continued receiving a fixed salary until his death.[2]

---

[1] In addition to the Commercial Auto Liability policy, RLI, as Packard's primary insurer, and AXIS Surplus Insurance Company, as Packard's excess insurer, insured Packard for Trucker's Liability coverage and Commercial General Liability coverage.

[2] Before his illness, Mr. Salassi acted as a dispatcher, setting up transportation logistics for the company. Evidence in the record indicates that he would work one week on and one week off. When Mr. Perrilliat was asked during his deposition if Salassi worked part-time or came to the office after he became ill [in late 2014], Perrilliat stated: "No, sir, he stayed at home. He was dying of cancer, lung cancer."

On March 11, 2016, plaintiff Koehl filed suit against Salassi, Packard, and Packard's insurers, asserting that Salassi was in the course and scope of his employment with Packard at the time of the accident. Packard filed a motion for summary judgment arguing that plaintiff could not meet his burden of proving at trial that Salassi was in the course and scope of his employment at the time of the accident, and thus Packard could not be held vicariously liable.[3] Packard argues that plaintiff has failed to prove that Salassi was in the course and scope of his employment at the time of the accident and further contends that its motion for summary judgment presents a purely legal issue that the trial court should have decided in Packard's favor. Finding merit to Packard's argument, we gave the parties an opportunity to provide additional briefing and to participate in oral argument pursuant to La. C.C.P. art. 966 (H).

### DISCUSSION

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's

---

[3] RLI (primary) and AXIS (excess), Packard's insurers, also filed motions for summary judgment arguing lack of coverage under the owned-auto exclusion found in RLI's business auto policy. Plaintiff filed a motion for partial summary judgment arguing that the insurance policies at issue list Salassi's vehicle as a "covered auto" and thus afford coverage for this accident. This Court resolved the three writ applications arising from the parties' motions for summary judgment on coverage separately; they are not at issue in the present writ application, which addresses only the vicarious liability of Packard.

claim, action, or defense. *Id*. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.

We review the denial of a motion for summary judgment *de novo. Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard, we use the same criteria as the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Richthofen v. Medina*, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, *writ denied*, 14-2514 (La. 3/13/15), 161 So.3d 639.

A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. *Alexander v. Parish of St. John the Baptist*, 12-173 (La. App. 5 Cir. 10/16/12), 102 So.3d 904, 909, *writ denied*, 12-2448 (La. 1/11/13), 107 So.3d 617. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Id*.

The party moving for summary judgment must meet a strict standard of showing that the facts are clear and that any real doubt as to the existence of a genuine issue of material fact has been excluded. *Richthofen*, 164 So.3d at 234. If the mover meets this burden, the burden shifts to the non-mover to present evidence demonstrating that material issues of fact remain. *Id*. "Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party [who has the burden of proof at trial] to produce evidence of a material factual dispute mandates the granting of the motion." *Portillo v. Progressive Paloverde Ins. Co.*, 13-815 (La. App. 5 Cir. 3/26/14), 138 So.3d 696, 698.

For an employer to be held vicariously liable for the actions of an employee under La. Civ. Code art. 2320, the plaintiff must show that (1) an employer-employee relationship existed between the tortfeasor and the employer, and (2) the negligent act of the tortfeasor was committed within the course and scope of his employment with the employer. *Hull v. Jefferson Parish Hosp. Dist. No. 1*, 16-273 (La. App. 5 Cir. 4/26/17), 220 So.3d 838, 844. Here, there is no question that an employment relationship existed; instead, the issue is whether Salassi was working on behalf of Packard at the time of the accident.

An employee's conduct is within the course and scope of his employment only if "the conduct is of the kind he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer." *Migliore v. Gill*, 11-407 (La. App. 5 Cir. 12/13/11), 81 So.3d 900, 903, *writ denied*, 12-0094 (La. 3/9/12), 84 So.3d 555 (quoting *Orgeron v. McDonald*, 93-1353 (La. 7/5/94), 639 So.2d 224, 226-27). The conduct must be "so closely connected in time, place, and causation to employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations extraneous to the employer's interest." *Migliore*, 81 So.3d at 903 (quoting *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96), 673 So.2d 994, 996); *see also Knowles v. State Farm Mut. Auto. Ins. Co.*, 12-806 (La. App. 5 Cir. 3/27/13), 113 So.3d 417, 419 ("An employer will be responsible for the negligent acts of its employee when the conduct is so closely connected in time, place and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business.").

Plaintiff argues, and Packard does not dispute, that Salassi was a member/co-owner of Packard until he died; he never retired, and he was never terminated. He continued receiving a salary at the time of the accident. Packard

argues, however, that these facts fail to establish that Salassi was acting in the course and scope of his employment at the time of the accident. Moreover, Packard submitted evidence that Salassi was *not* acting in the course and scope of employment at the time of the accident: he was driving his personally owned vehicle on a Saturday morning with no connection to working for Packard at the time, and he had not worked for Packard since September 2014, when he was diagnosed with cancer.

A person's continued employment with an employer does not establish that the person is in the "course and scope" of employment at all times. *Collins v. Davis*, 16-410 (La. App. 5 Cir. 2/22/17), 214 So.3d 974, 977. For example, this court has held that a doctor on 24-hour call is not in the course and scope of his employment merely because he is on call at the time an accident occurred—the activity did not benefit the employer, the employer had no control over the employee at the time of the accident, and the employee had not been summoned by the employer. *Migliore*, 81 So.3d at 904.

Our *de novo* review of the record reveals that in responding to Packard's motion for summary judgment, plaintiff failed to create a genuine issue of material fact as to whether Salassi was in the course and scope of his employment at the time of the accident. The record is devoid of any evidence to show that Salassi was driving to Lowe's on the day of the accident for *Packard's* benefit, or that his conduct on that day was "so closely connected in time, place, and causation to employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations extraneous to the employer's interest." *Migliore*, 81 So.3d at 903.

Salassi had stepped away from his duties at Packard many months before the accident. Yet, even if he continued working as a dispatcher for Packard after his cancer diagnosis, plaintiff has produced no evidence to show that Salassi was

acting on Packard's behalf, rather than for merely personal considerations extraneous to the Packard's interests, on the Saturday morning that the accident occurred. That Mr. Salassi remained a member of Packard and continued collecting a salary until he died establishes an employment relationship but not course and scope; no employee may be considered to be in the course and scope of his employment at all times. *See Migliore*, 81 So.3d at 904. Were that the case, all employers could be held vicariously liable for their employees' negligent actions, no matter how attenuated from their work activities—a result unsupported in law.

In supplemental filings, plaintiff asserts several arguments related to coverage that are not before the Court at this time. For example, the facts that Salassi's personally owned auto was insured through Packard and was registered at Packard's business address have no bearing on whether Salassi was in the course and scope of his employment when the accident occurred.[4] We are also unpersuaded by plaintiff's argument that Packard would not have reimbursed RLI for Packard's deductible portion of the property-damage claims if Mr. Salassi was not in the course and scope of employment at the time of the accident. Packard's compliance with the terms of the commercial policy does not establish that Mr. Salassi was acting in the course and scope of his employment at the time of the accident nor create a genuine issue of material fact on vicarious liability.

### DECREE

Without any material evidence to support his allegation that Mr. Salassi was in the course and scope of his employment on the day and at the time of the accident, plaintiff has failed to show that he will be able to meet his burden of proving Packard's vicarious liability at trial. We therefore grant Packard Truck Lines, LLC's, writ application, reverse the trial court's ruling, grant summary

---

[4] Mr. Salassi's vehicle was listed as a "covered auto" under the commercial auto liability policy that RLI issued to Packard.

judgment in favor of Packard, and dismiss plaintiff Timothy Koehl's vicarious

liability claims against Packard with prejudice.


**WRIT GRANTED,**
**JUDGMENT REVERSED,**
**SUMMARY JUDGMENT GRANTED,**
**VICARIOUS LIABILITY CLAIMS DISMISSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 12, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 21-C-68

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DARLA L. D'AMICO (RESPONDENT)          GLENN C. MCGOVERN (RESPONDENT)          MATTHEW D. MOGHIS (RELATOR)
MICHAEL S. FUTRELL (RELATOR)           WILLIAM PETER CONNICK (RELATOR)          STEVEN O. MEDO, JR. (RESPONDENT)
SARAH SMITH (RESPONDENT)

**MAILED**
LAUREN A. LAM (RESPONDENT)             CALLAN JOHNS (RESPONDENT)               P. JEREMY LAFLEUR (RESPONDENT)
ATTORNEY AT LAW                        PEYTON BOWMAN (RESPONDENT)              ATTORNEY AT LAW
240 FREMAUX AVENUE                     ATTORNEYS AT LAW                        3045 RIDGELAKE DRIVE
SLIDELL, LA 70458                      2901 DIVISION STREET                    SUITE 201
                                       SUITE 201                              METAIRIE, LA 70002
                                       METAIRIE, LA 70002
ALEJANDRO COBAR (RESPONDENT)
ATTORNEY AT LAW                                                                JESSICA Z. BARGER  (RESPONDENT)
3510 N CAUSEWAY BOULEVARD              MICHAEL J. ALMERICO (RESPONDENT)        ONE RIVERWAY
SUITE 608                              ATTORNEY AT LAW                         SUITE 2200
METAIRIE, LA 70002                     501 CLEARVIEW PARKWAY                   HOUSTON, TX 770056
                                       METAIRIE, LA 70001

MICHAEL ADAMS-HURTA  (RESPONDENT)
ONE RIVERWAY
SUITE 2200
HOUSTON, TX 77056